In Re: Appeal of Hunter Construction Company, Grace Y. Breinig and Curtis Building Co., Inc. from the Decision of the Zoning Hearing Board of Hatfield Township, Montgomery County, Pennsylvania, as to Lots 16, 17, 18 and 19, Section "M", Lewis Street, Hatfield Township, Montgomery County, Pa. Hunter Construction Company et al., Appellants.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Alfred O. Breinig, Jr.*, for appellants.

*Marc B. Davis*, with him *William R. Wanger*, for appellee.

OPINION BY JUDGE ROGERS, June 21, 1979:

The appellants are the owners of a vacant lot in Hatfield Township, Montgomery County. They appeal from an order of the Court of Common Pleas affirming the decision of the Township Zoning Hearing Board denying their applications for special exceptions and a variance which would enable them to construct a single family residence on their lot.

The lot in question was held in single and separate ownership on the effective date zoning was first enacted in Hatfield Township. It measures 80 feet by 110 feet and contains 8800 square feet of land. It abuts upon Lewis Street which is 40 feet wide and is, along the 80 feet frontage of the lot, improved with a 10 feet wide gravel cartway. Lewis Street is not a public[1]

---

[1] We use the word "public" here as denoting a street which has been accepted or ordained as a municipal street or legislated as a State highway. Of course, the law of Pennsylvania is that "where an owner of land subdivides it into lots and streets on a plan and sells his lots accordingly, there is an implied grant or covenant to the purchaser that the street shall be forever open to the use of the public and operate as a dedication of them to the public use. The right passing to the purchaser is not the mere right that he may use the street but that all may use it." *Rahn v. Hess*, 378 Pa. 264, 268, 106 A.2d 461 (1954). In this sense, the streets on the plan of Hatfield Park No. 1 are public streets, although they have not been accepted or ordained as township streets. However, the parties and the court below have interpreted the zoning provision requiring lots to abut on public streets as having reference to streets accepted, or-

street; it is an easement of passage for persons owning lots in a subdivision called Hatfield Park No. 1, the plan of which was duly recorded in the office of the Recorder of Deeds of Montgomery County in 1919, long before zoning in Hatfield Township.[2] The distance along Lewis Street from the appellants' lot to the nearest public road, Vine Street, is about 120 feet. There is an occupied dwelling house on a lot fronting Lewis Street adjoining the one in this case which is distant 200 feet from Vine Street. Public sewer and water service is available to the lot.

The appellants' lot is located in Hatfield Township's A-Residential Zoning District where only single family detached dwellings and agricultural activities are permitted. Each residential lot in the A-Residential District must have a minimum area of 20,000 square feet and a minimum width of 100 feet. A general provision of the ordinance declares that "[e]ach and every lot shall abut a public street." The appellants can, and propose to, comply with the front, side and back yard requirements of the zoning ordinance but are, of course, unable to comply with the minimum area and minimum lot width requirements or the requirement that the lot abut upon a public street. They asked for special exceptions and a variance which, after hearing, were refused by the Zoning Hearing Board. The court below, without taking additional evidence, affirmed. We believe that the Zoning Hearin Board erred in not granting special exceptions for the deficiencies of the appellants' lot in respect of area and width.

---

dained or legislated as such by public authority; and although the word "public" or the phrase "public street" are not defined, references in the ordinance to "private streets" in other definitions support the parties' and the court's interpretation.

[2] The lot in this case consists of four 20 feet by 110 feet lots shown on the recorded plan of Hatfield Park No. 1.

Section 1401 of the Ordinance is as follows:

Lots of Record. A lot which is of public record in single and separate ownership at the time of enactment of this Ordinance may be used for a permitted use in the district in which it is located provided, however, that the minimum and maximum regulations of the district are met, or when authorized as a special exception and upon submission of satisfactory evidence to the fact that the smaller lot area or width will provide safe and effective sanitary sewage disposal if the particular location in question is not served by sanitary sewers.

The appellants lot was clearly "of public record in single and separate ownership at the time of the enactment of the Ordinance." The appellants want to erect a single family detached dwelling, a permitted use. They may do so, therefore, if they meet the requirements of Section 1401 following the word "provided." First, they must meet "the minimum and maximum regulations of the district." This phrase cannot mean that the appellants must meet all of the requirements of the Zoning Ordinance since, if it did, everything else in the section would be absurd. The phrase plainly refers (as do similar provisions in other zoning ordinances which we encounter) to front, side and rear yard requirements. The appellants propose to comply with these. The appellants then need a special exception for lot area and width which the Section says they must be granted upon proof of safe and effective sanitary sewage disposal "if the particular location in question is not served by sanitary sewers." Since the appellants' lot can be served by sanitary sewers, the special exception must issue. The appellants hence have satisfied all of the conditions of the proviso clause of Section 1401, and they may therefore use their lot as they propose.

480

Even were we constrained to view Section 1401 as not permitting the use of this lot without compliance with the requirement that all lots abut public streets, and we are not so constrained, we would be required to hold that the Zoning Hearing Board erred in refusing a variance from this requirement. Such relief would be necessary in order to avoid the ordinance's effect as so construed of destroying any productive use of this lot held in single and separate ownership before any zoning. *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973).

Order reversed; the record is remanded with direction that the appropriate special exceptions shall issue.

ORDER

AND Now, this 21st day of June, 1979, the order of the Court of Common Pleas of Montgomery County, made March 16, 1977, is reversed and the record is remanded with direction that appropriate special exceptions shall issue.