591 A.2d 1151

**Thomas F. McCARRON, Appellant,**

v.

**UPPER GWYNEDD TOWNSHIP and William D. Lawrence, Code Enforcement Officer, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided May 7, 1991.

Reargument Denied July 15, 1991.

George W. Tracy, Sommar, Tracy & Sommar, Lansdale, for appellant.

Robert J. Kerns, Landis, Kerns and Associates, Lansdale, for appellees.

Before CRAIG, President Judge, BYER, J., and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

Thomas McCarron (landowner) appeals from an order of the Court of Common Pleas of Montgomery County that denied a motion which counsel had initially designated as a motion for post-trial relief, in mandamus. The order is affirmed.

*Procedural History*

The procedural history giving rise to this appeal is as follows. In July of 1988, the landowner filed an application for a building permit with Upper Gwynedd Township for the construction of a single-family dwelling on his lot, which is located on Franklin Street. The township's zoning officer denied the application and the landowner filed an action in mandamus in the Court of Common Pleas of Montgomery County.

In the trial court, the procedural steps reveal some difficulties in this case with mere nomenclature, rather than substance, which makes Pa.R.C.P. No. 126 appropriate for application here. That rule, entitled "LIBERAL CONSTRUCTION AND APPLICATION OF RULES," succinctly states:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of such action or proceeding may disregard any error or defect of procedure which does not effect the substantial rights of the parties.

In essence and actuality, the trial court procedure in this case took the following path: The parties agreed upon a written stipulation of all the facts and presented it to the trial judge, who reached a non-jury decision against the landowner and in favor of the township. The landowner then filed his motion, entitled as a motion for post-trial relief, in accordance with Pa.R.C.P. No. 227.1, and specifying grounds for relief as required by that rule. The trial judge denied the motion, holding that mandamus was not available for relief. The landowner took this appeal from

that denial. Of course, denial of a post-trial relief motion is a final order, from which the losing party may bring an appeal within this court's jurisdiction.

The record discloses, however, that the parties encrusted that straightforward procedural course with a good deal of incorrect nomenclature. Although neither party has presented to this court any objection based upon the erroneous labels, we will note them briefly, lest anyone be misled.

First, the parties misnamed their non-jury trial stipulation of facts as a "Case Stated." But it was not a Case Stated—a discrete common law mode of proceeding by agreement—because it did not contain any agreement for the entry of a described judgment, as is required for a Case Stated. Standard Pa. Practice §§ 43.1, 43.7. Lacking that essential element, the filing constituted nothing more than a stipulation of facts submitted to the judge for a non-jury determination, which is how the parties and the judge have treated it.

This court has uniformly taken the realistic and logical approach in cases involving case-stated mischaracterizations. *See County of Allegheny v. Allegheny County Prison Employees' Independent Union*, 53 Pa.Commonwealth Ct. 350, 352–53, 417 A.2d 864, 866 (1980), where we declined to treat a stipulation, despite the words "Case Stated" in its title, as a true Case Stated because of the absence of the necessary agreement for entry of judgment. *See also Wedgewood Associates v. Caln Township*, 54 Pa.Commonwealth Ct. 557, 559–60, 422 A.2d 1190, 1191 (1980), where, for the same reason, we declined to accept counsel's argument that a stipulation was in fact a Case Stated. In both of those cases, we treated the proceeding as a non-jury trial based upon a stipulation, as we do here, but we had to quash those appeals because no post-trial motions were filed, as was done in this case.

When these parties presented their stipulation to the trial judge for decision, the landowner filed a "Motion for Summary Judgment," which was superfluous because the land-

owner thereafter nevertheless proceeded with the case as if it were to be decided by a judge without a jury on the basis of stipulated facts.

■ Confirming that non-jury trial approach, the landowner followed the trial judge's decision with a motion for *post-trial* relief, as noted above; that was exactly the right post-trial step to be taken after a non-jury trial adjudication. However, both parties then fell again into nomenclature confusion by jointly stipulating that the motion for summary judgment should be deemed to be a motion for peremptory judgment, and that the motion for post-trial relief should be deemed to be a motion to open peremptory judgment. Apparently they mistook the summary-decision option of peremptory judgment in mandamus, under Pa. R.C.P. No. 1098, to be the sole or entire process for reaching a final decision in mandamus. The absence, here, of any motion to quash confirms that the appellee township, like the appellant landowner, regarded the resulting trial court order to be a final one.

This court cannot always follow Pa.R.C.P. No. 126 to save parties from the consequences of misnaming their procedural steps. Indeed, the Superior Court has taken the more rigid approach of holding parties to their choice of labels in cases similar to this one. *Clearfield Bank & Trust Co. v. American Manufacturers Mutual Insurance Co.*, 344 Pa.Superior Ct. 588, 497 A.2d 247 (1985).

■ However, where the errors of nomenclature have had no effect upon the rule's concern, the "substantial rights of the parties," and the parties' own treatment of the case has established that point, this court will continue to look at the substance of what the parties actually did, as we analyze the procedure. Hence we perceive this case as involving a stipulation of the facts, a decision based on that stipulation, a motion for post-trial relief (actually bearing that correct label initially), and a final order and opinion thereafter—providing a record which enables us readily to

decide the threshold issue presented by this appeal, which we now proceed to do.

That issue arises from the trial judge's basis for issuing the final order against the landowner, the conclusion that mandamus is not the proper remedy.

### Availability of Mandamus as the Remedy

An action in mandamus is appropriate to secure the issuance of a permit where the right to it is clear and the issuance constitutes no more than the performance of a ministerial act which involves no discretion in the municipal officer. *Lindy Homes, Inc. v. Sabatini*, 499 Pa. 478, 453 A.2d 972 (1982). Mandamus is not available as a remedy in cases where a proposed land use does not comply with an existing ordinance.

The parties' stipulation indicates that the lot in question, on which the landowner desires to construct a dwelling, abuts only one street, Franklin Street, and that "Franklin Street is not a public street nor a private street approved by the township, but an easement for passage for persons owning lots in the subdivision" in which the lot is laid out. (R. 20) Section 168–19B–1 of the Upper Gwynedd Township Land Development Regulations provides:

B. Lot Frontage

(1) All lots shall have direct access to an existing or proposed public street or to a private street approved by the township.

Because the landowner stipulated that Franklin Street is not a public street or a private street approved by the township, the landowner has acknowledged that his proposed plan does not comply with this ordinance provision. Hence, mandamus is not the appropriate remedy in this case. *Lindy.*

Nevertheless, the landowner seeks to rely upon *Hunter Construction Company Appeal*, 43 Pa.Commonwealth Ct. 476, 402 A.2d 1117 (1979), in which this court concluded that a zoning hearing board erred in denying a special exception

to a landowner who proposed to construct a single-family dwelling on a lot that did not abut a public street. This court determined that the landowner was entitled to a special exception under the terms of the ordinance, despite an ordinance provision that required all building lots to abut "a public street".

By citing our footnote 1 in *Hunter*, 43 Pa.Commonwealth Ct. at 477, 402 A.2d at 1118, the landowner contends that, because Franklin Street is subject to an easement for passage in favor of all lot owners in the subdivision, it is a "public" street and the application therefore fully complies and thus warrants mandamus relief.

However, our footnote actually adopts the contrary view, interpreting "public street", for the purpose of this type of zoning requirement, to mean a street accepted by a municipality or legislated as a state highway, *not* one merely subject to an easement for subdivision lot owners.

Under the stipulated facts, the proposed lot does not abut a public street in the sense we require. Hence, absolute compliance is wanting. Because mandamus relief is therefore unavailable, we affirm the order of the trial court.

### ORDER

NOW, May 7, 1991, the order of the Court of Common Pleas of Montgomery County, at No. 88–112864, dated March 7, 1990, is affirmed.

BYER, Judge, concurring.

The term "case stated" probably is one of the most misused and misunderstood terms in the jargon of Pennsylvania civil procedure. The misuse of that term, combined with a good deal of other procedural blundering, has made this appeal difficult.

The difficult question in this appeal is not the main question on the merits. Instead, the difficult question is whether there is an appealable order which would provide a

basis for subject matter jurisdiction.[1]   That question is very close.

Although I have decided to join the majority opinion, mainly because I agree with the decision on the merits and the majority took the trouble to reach it and also for the reason expressed in part VII of this opinion, I do so with substantial reservation about whether we really have an appealable order.

I write separately to explain the procedural and jurisdictional problems in this case, in the hope that readers will quit misusing the term "case stated" and avoid such procedural blunders in the future.

## I.

The March 7, 1990 order which is the subject of this appeal denies a motion which the appellant originally called, "Motion for Post–Trial Relief." This motion was strange, because appellant did not file it after a trial, but after the denial of a motion for summary judgment.

By stipulation of the parties, approved by the trial court in the March 7, 1990 order, the motion for summary judgment was deemed to be a motion for peremptory judgment, and the motion for post-trial relief was deemed to be a motion to open peremptory judgment. This is even more strange, because, as noted by the trial judge in her March 7, 1990 order, the court had not entered but had denied the "deemed" peremptory judgment motion, so there was no actual or "deemed" judgment which could be opened.

For the reasons discussed later in this opinion, it is not certain that we should accept these recharacterizations at face value. If we do accept them at face value, the appellant essentially is attempting to appeal from the denial of peremptory judgment in a mandamus action. There is

1. Appellees have not contested our subject matter jurisdiction. However, we are obligated to raise jurisdictional defects on our own. *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 336, 372 A.2d 721, 724 (1977).

nothing which authorizes an appeal as of right from the denial of peremptory judgment.

The situation is made even more complicated by the fact that the parties filed what they termed a "case stated." However, neither the parties nor the trial court proceeded with the case on the basis of a case stated.

This is a simple statement of the main problems in the case. The full extent of these problems, and their impact on our jurisdiction, requires more detailed explanation.

## II.

The procedural blundering in this case commenced with the parties' filing what purported to be a "case stated," followed by appellant's proceeding with the case as if it were to be decided by a judge without a jury on the basis of stipulated facts. There are critical differences between a case stated and a non-jury trial based upon a stipulation of facts.[2]

A case stated is an agreement by the parties to submit the case to the court for entry of judgment based upon an agreed statement of facts; the case stated submission must inform the court of the form and substance of the judgment to be entered and contain a specific agreement by the parties to the entry of judgment. *County of Allegheny v. Allegheny County Prison Employees' Independent Union,* 53 Pa.Commonwealth Ct. 350, 352–53, 417 A.2d 864, 866 (1980); *Falcione v. Cornell School Dist.,* 383 Pa.Superior Ct. 623, 627, 557 A.2d 425, 427 (1989); *Clearfield Bank & Trust Co. v. American Manufacturers Mutual Ins. Co.,* 344 Pa. Superior Ct. 588, 591–92, 497 A.2d 247, 248–49 (1985); *see Wedgewood Associates v. Caln Twp.,* 54 Pa.Commonwealth Ct. 557, 559–60, 422 A.2d 1190, 1191 (1980). Our Supreme Court has described the agreement to entry of a final judgment as an indispensable element of a case stated. *Erie Insurance Exchange v. Transamerica*

---

2. *See* generally G. Darlington, *et al., Pennsylvania Appellate Practice,* § 302:19.1 (1990 supp.).

*Insurance Co.,* 516 Pa. 574, 586, 533 A.2d 1363, 1369 (1987) (citing *Frankel v. Reliance Mutual Life Insurance Co.,* 199 Pa.Superior Ct. 295, 184 A.2d 305 (1962)).

As pertinently observed by the Superior Court: "We recognize that the case stated is an effective means of resolving a legal dispute expeditiously and inexpensively when the parties agree on the underlying factual issues. Nonetheless, the stream-lined procedure can backfire on those unwary litigators who are used to more cumbersome devices." *East Coast Properties Inc. v. Hartford Mutual Insurance Co.,* 358 Pa.Superior Ct. 113, 116–17, 516 A.2d 1207, 1209 (1986) (footnote omitted).

A judgment based upon a case stated is not appealable unless the parties expressly have reserved the right to appeal in the case stated submission. *Advanced Living Inc. v. Montgomery County Board of Assessment Appeals,* 113 Pa.Commonwealth Ct. 514, 516 n. 1, 537 A.2d 948, 949 n. 1 (1988); *County of Allegheny,* 53 Pa.Commonwealth Ct. at 353–54, 417 A.2d at 866; *Falcione,* 383 Pa.Superior Ct. at 627, 557 A.2d at 427; *Clearfield Bank & Trust Co.,* 344 Pa.Superior Ct. at 593, 497 A.2d at 249.

Where the parties to a case stated expressly reserve the right to appeal, the judgment is appealable immediately upon entry, and a motion for post-trial relief neither is required nor proper. *County of Allegheny.* In *East Coast Properties,* the Superior Court quashed an appeal as untimely, where after a case stated, the losing party filed a motion for post-trial relief followed by an appeal within thirty days of the denial of that motion but more than thirty days after the original judgment. The court held that the filing of the improper motion for post-trial relief after a case stated did not postpone the running of the thirty-day time limit for an appeal.

A case stated, therefore, is fundamentally different from the submission of a case on stipulated facts for decision by a judge without a jury. Where a case is tried without a jury based upon stipulated facts, the trial court renders a decision, as distinct from an immediate judgment, and post-

trial motions not only are proper but are required in order to preserve issues for appeal. *McCormick v. Northeastern Bank of Pennsylvania,* 522 Pa. 251, 561 A.2d 328 (1989); *Wedgewood Associates,* 54 Pa.Commonwealth Ct. at 560, 422 A.2d at 1191; *County of Allegheny,* 53 Pa.Commonwealth Ct. at 353, 417 A.2d at 866; *East Coast Properties,* 358 Pa.Superior Ct. at 117, 516 A.2d at 1209.[3]

### III.

The confusing of the procedures applicable to a case stated with those applicable to a non-jury trial based upon stipulated facts has been known to haunt parties, particularly on the question of whether an order is appealable. Our court and the Superior Court have taken different approaches to resolving the confusion in such cases.

### A.

We have followed the approach of focusing on whether the submission contains the essential elements of a case stated, regardless of how the parties have characterized the proceedings. In *County of Allegheny,* the parties filed a document which they entitled "Stipulation and Presentation of Case Stated." We held that notwithstanding the parties' use of the term "case stated," it was not a true case stated because "the parties did not ask the court to render *judgment* but simply concluded, after delineating the facts: 'All of the parties hereto, through counsel, do hereby stipulate and agree to the foregoing.' " 53 Pa.Commonwealth Ct. at 353, 417 A.2d at 866 (emphasis in original). Having held it was not a true case stated, we then quashed the appeal, because the case really was a non-jury trial on stipulated facts, and the appellant had failed to file a motion for post-trial relief.

In *Wedgewood Associates,* the trial court decided the case based upon an agreed statement of facts, and the appellant

**3.** This assumes, of course, that the action is of a nature to which the post-trial motion requirements of Pa.R.C.P. 227.1 are applicable.

did not file a motion for post-trial relief before appealing the decision. We rejected appellant's contention that the proceeding was in the nature of a case stated, because the submission failed to "inform the court respecting the form and substance of the judgment to be entered" and failed to "contain a specific and mutually agreed upon request for judgment." 54 Pa.Commonwealth Ct. at 559, 422 A.2d at 1191.[4] Therefore, we quashed the appeal because it was in the nature of a non-jury trial on stipulated facts and appellant failed to file the required motion for post-trial relief. *See also Sweeney v. Lakeland School Dist.*, 13 Pa.Commonwealth Ct. 485, 319 A.2d 207 (1974).

### B.

The Superior Court has taken a different approach. That court focuses not on whether the submission contains the required elements of a case stated, but on whether the parties have characterized the case as a "case stated," regardless of whether the parties then followed the procedure appropriate for a case stated.[5]

In *Clearfield Bank*, the parties filed a document which they called "Proposed stipulations of fact." However, in their briefs on appeal, they referred to the procedure as a "case stated." The Superior Court held that even though the parties did not entitle their submission a "case stated," it should be treated as such because the parties used that term in their briefs and appeared to follow the procedure applicable to a case stated. The Superior Court, therefore, dismissed the appeal, because the parties had failed to reserve the right to appeal in the submission.

In *East Coast Properties*, the parties entitled their submission a "case stated." Nevertheless, the trial court did

---

4. We also noted that the submission failed to contain an express reservation of the right to appeal.

5. *But see Wertz v. Anderson*, 352 Pa.Superior Ct. 572, 508 A.2d 1218 (1986), where the Superior Court did engage in an analysis similar to the approach of our court. However, in view of the more recent decision in *East Coast Properties, Wertz* does not appear to reflect the Superior Court's general approach to this situation.

not enter a judgment but instead entered a special verdict, following which the losing party filed a motion for post-trial relief. Even though the trial court and the parties followed the procedures applicable to a non-jury trial based on stipulated facts rather than a case stated, the Superior Court applied the procedural requirements of a case stated, because this was what the parties called their submission. As noted in part II above, the Superior Court quashed the appeal because the improper filing of post-trial motions after the case stated resulted in an untimely appeal.[6]

## IV.

In the case now before us, the parties filed what they called a "case stated." It is unclear whether they really intended a stipulation of facts, rather than a true case stated. The parties referred to the procedure as a "case stated." The submission also expressly reserved the right to appeal. However, it provided only that the parties agreed to the facts stated in the submission, not the required agreement to the entry of judgment. The submission did not inform the court of the form and substance of the judgment to be entered. In fact, the submission does not request the entry of judgment.

Apart from what they called their submission, and the reservation of a right of appeal, neither the parties nor the trial court proceeded with the case as if it were a case stated. Approximately two months after filing the "case stated," appellant filed a motion for summary judgment. The trial court denied this motion. The appellant then filed a "Motion for Post–Trial Relief."

This was a procedural absurdity. If the case truly was to be submitted as a case stated, a motion for summary judgment was meaningless. The denial of the motion for summary judgment might have made some sense, but the trial court should have entered judgment on the case stated.

6. These cases demonstrate the danger of using the term "case stated" when what really is meant is a stipulation of facts.

The filing of a motion for post-trial relief after either a judgment on a case stated or the denial of summary judgment was just more procedural nonsense.

This procedural mess was exacerbated by the stipulation of the parties which the trial court approved in its March 7, 1990 order. This stipulation resulted in the motion for summary judgment being "deemed a Motion for Peremptory Judgment based on the Case Stated"—another procedural non sequitur.[7] The order states that the stipulation further provided that the Motion for Post–Trial Relief "shall be deemed a Motion To Open Peremptory Judgment, albeit no Peremptory Judgment ever having been granted." The latter clause undoubtedly reflects the trial judge's doubts about the absurd procedural posture to which the parties stipulated.[8]

The March 7, 1990 order, after approving this weird stipulation, denied the "deemed" motion to open the nonexistent peremptory judgment. The trial judge then stated

**7.** There are minor but insubstantial differences in language between the March 7, 1990 order and the stipulation. The precise language of the stipulation is:

It is hereby STIPULATED by and between counsel for plaintiff, THOMAS F. McCARRON, and defendants, UPPER GWYNEDD TOWNSHIP and WILLIAM D. LAWRENCE, Code Enforcement Officer, that plaintiff's Motion for Summary Judgment filed on August 15, 1989, should have been presented to the Court as a Motion for Peremptory Judgment based on the Case Stated. Accordingly, the Order entered by the Court on the Motion for Summary Judgment on November 29, 1989 shall be treated as a Peremptory Judgment denying plaintiff's Motion. Further, the parties hereto stipulate that the plaintiff's Motion for Post–Trial Relief filed on December 6, 1989 be treated as a Motion To Open Peremptory Judgment. (36a).

**8.** The stipulation provided that the November 29, 1989 order denying the motion for summary judgment "shall be treated as a Peremptory Judgment denying plaintiff's Motion." This reflects a fundamental misconception that the denial of a motion for peremptory judgment somehow results in a peremptory judgment. Obviously, the mere denial of a motion requesting the court to enter a judgment does not result in entry of a "contrary" or "opposite" judgment in the absence of a cross-motion which the court grants simultaneously with the denial of the original motion.

in the order her conclusion that mandamus is inappropriate. Appellant filed an appeal from this order.

## V.

There is no clear answer to the question of whether we should treat this case as if we were dealing with a case stated, a decision on stipulated facts or the denial of a peremptory judgment in mandamus.

If we were to follow the Superior Court's approach in *Clearfield Bank* and *East Coast Properties,* the parties' consistently referring to the proceeding as a "case stated" would control, even though they did not act in a manner consistent with a case stated and the submission did not contain the essential elements of a case stated. Under this approach to tidying this mess, we might be able to find an appealable order because the trial court's March 7, 1990 order, while not entering judgment, did state that, "[b]ased upon the parties['] case stated . . ." the court found that mandamus is not an appropriate remedy.

However, I conclude that our court's approach reflected in *County of Allegheny* and *Wedgewood Associates* is a better approach. Under our court's approach, we must look at the substance of what the parties actually did to determine the nature of the proceedings.

Based upon what the parties actually did, we must treat this case as a non-jury trial based upon stipulated facts, because the parties' submission lacked the essential elements of a case stated and the parties' conduct was inconsistent with a case stated. Under this approach, if we treat the March 7, 1990 order as the decision based upon the stipulated facts, there would not be an appealable order because appellant did not file a motion for post-trial relief after the March 7, 1990 order.

The preceding analysis of this case under both the Superior Court's and our court's approaches assumes that the March 7, 1990 order is a decision on the merits. This case is further complicated by the attempt to invoke summary

judgment or peremptory judgment procedures, albeit inappropriate.

Consistent with our court's approach, we probably should consider this case in the specific context of the parties' stipulation approved by the trial judge in her March 7, 1990 order. If we view the case in this light, the March 7, 1990 order should not be considered a decision on the merits after either a case stated or a non-jury trial based upon stipulated facts. Instead, we should treat the case as if what we now have before us is an appeal from the denial of a motion to open a peremptory judgment where the trial court never entered peremptory judgment.

The denial of a motion to open a peremptory judgment in mandamus is an appealable order. *See Penn Advertising, Inc. v. Kring*, 129 Pa.Commonwealth Ct. 402, 565 A.2d 1238 (1989); *Washowich v. McKeesport Municipal Water Auth.*, 94 Pa.Commonwealth Ct. 509, 503 A.2d 1084 (1986); *Flaherty v. City of Pittsburgh*, 100 Pa.Commonwealth Ct. 508, 515 A.2d 91 (1986).[9] Logically this assumes that the court had entered peremptory judgment prior to the filing of the motion to open.

There is no authority which authorizes an appeal as of right from the denial of peremptory judgment in mandamus. As we recently held, "[a]n order denying a motion for peremptory judgment is an interlocutory order and is not appealable as a matter of right." *Capital City Lodge No. 12, F.O.P. v. City of Harrisburg*, 138 Pa. Commonwealth Ct. 475, 479 n. 5, 588 A.2d 584, 586 n. 5 (1991) (en banc). That is because the denial of peremptory judgment is like the denial of summary judgment; it does not end the case.

Appellant cannot convert the non-appealable denial of peremptory judgment into an appealable order by appealing from the denial of a motion to open a peremptory judgment which had not been entered in the first place. Under this view of the case, the appeal should be quashed.

9. These cases hold that the entry of peremptory judgment in mandamus is not itself an appealable order.

## VI.

The majority opinion has taken our approach of looking beyond what the parties called their papers a step further. The majority opinion has completely recast the procedural missteps, which appear to have been the fault of appellant, by viewing "this case as involving a stipulation of the facts, a decision based on that stipulation, a motion for post-trial relief (actually bearing that correct label initially), and a final order and opinion thereafter...." (Op., 532–533). I question whether this might be going too far.

There are limits to which appellate judges should go in performing the lawyering for a party who failed to follow proper procedure. Although I have my doubts, I nevertheless am willing to go along with the majority this time because the merits are clear and also because of my belief, discussed in part VII, that it is time to abolish the case stated. However, parties should not assume that the judges of this court always will be so accommodating. The fact that we might need procedural reform is not an excuse for failing to follow proper procedure.

## VII.

I end this opinion where I began, with the fact that the case stated is a misunderstood procedure and that parties often call something a "case stated" when they really mean a stipulation.[10] I believe that the case stated is an anachronistic procedure which no longer serves any real purpose except as a trap for the unwary. It is not governed by statute or by procedural rules, requiring lawyers and liti-

---

**10.** Judges sometimes make the same mistake. In *Erie Insurance Exchange v. Transamerica Insurance Co.,* 516 Pa. 574, 533 A.2d 1363 (1987), the trial judge's decision referred to a declaratory judgment action as having been submitted "as a case stated." This was in spite of the fact that the parties had submitted the case on a stipulation of facts, which did not use the term "case stated" or contain any of the elements of a case stated. This incorrect terminology by the trial judge prompted appellee to move to quash the appeal under the principles discussed above, and required the Supreme Court to explain why the motion was specious.

gants to research case law in order to understand even the basic procedural requirements of a case stated.

The case stated no longer is needed. It is a superfluous common law procedure which should have no role in view of the fact that parties may submit a case to a judge for a trial without jury based upon stipulated facts. It would be far better simply to abolish the case stated so that the unwary no longer will have this particular trap in which to fall.

Therefore, I urge the Supreme Court's Civil Procedural Rules Committee to recommend that the Supreme Court promulgate appropriate Rules of Civil Procedure which abolish the case stated as a separate, common law procedure existing outside the rules and eliminate this unnecessary procedural trap.[11]

11. On January 1, 1990, the Supreme Court amended the official note to Pa.R.C.P. 227.1(c) to provide, "[a] motion for post-trial relief may not be filed in a case stated." Although it is good that the Supreme Court provided this warning so that it now will be readily apparent to anyone who reads the official note to Rule 227.1(c), I suggest it would be far better simply to abolish the case stated, in which event this amendment to the note may be deleted.