661 A.2d 1375

**Juanita COBBS, Administratrix of the Estate of Thomas Cobbs**

v.

**ALLIED CHEMICAL CORPORATION, Johns–Manville Corporation, Philip Carey Corporation, and Keene Corporation, and Celotex Corporation,**

v.

**EAGLE PICHER, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh–Corning Corp., GAF Corp., and Pacor.**

**Appeal of OWENS–ILLINOIS, INC. (TWO CASES)**

Superior Court of Pennsylvania.

Argued March 2, 1995.

Filed June 12, 1995.

Reargument Denied Aug. 18, 1995.

388

Eric J. Kadish, Philadelphia, for appellant.

Robert J. Murphy, Philadelphia, for Cobbs, appellee.

Before ROWLEY, P.J., and CAVANAUGH and McEWEN, JJ.

CAVANAUGH, Judge:

Owens–Illinois, Inc. ("Owens") appeals from two judgments entered following a jury verdict in favor of appellee/plaintiff, in a suit for personal injuries arising from the occupational exposure of appellee's decedent to asbestos. After careful review, we vacate both judgments and remand this case for further proceedings.[1]

On January 26, 1981 appellee brought suit against Allied Chemical Corporation, Johns–Manville Corporation, Philip Carey Corporation, Keene Corporation, and Celotex Corporation, alleging injuries and death to her husband due to occupational exposure to asbestos. Celotex Corporation, on March 11, 1983, filed a third party complaint against, *inter alia*, Pittsburgh–Corning Corporation, Owens–Corning Fiberglas Corporation, and appellant Owens, joining them as additional defendants. Owens thereafter filed an answer and new matter in which it raised the statute of limitations defense to appellee's/plaintiff's lawsuit.

Several years later, in 1992, the case, after having been consolidated with five other asbestos cases, was tried before a

---

1. We note that a single jury verdict is the basis for both judgments in this case. The trial court, following Owens' appeal from the first judgment, vacated that judgment at the request of Owens, and entered the second judgment, from which Owens also appealed. Appellee, in one of several motions filed with this Court, has challenged the propriety of the entry of the second judgment, and has moved to quash and/or dismiss the appeal taken from the second judgment. Because our disposition requires that we vacate the judgment(s) appealed from in this case, we need not determine which of the two judgments is correct.

jury in a reverse-bifurcated proceeding (damages phase of trial tried before liability phase). The jury subsequently returned a verdict in favor of appellee in the amount of $175,000.[2] Thereafter, on March 2, 1992, Owens and Keene entered into a stipulation with appellee, wherein it was agreed that if the liability phase of the case would have proceeded, it would have been determined that the asbestos-containing products, manufactured by original defendant Keene and additional defendants Owens, Pittsburgh–Corning and Owens–Corning, were all a substantial factor and cause of decedent's injuries, disease, damages, and death.

Owens and Keene subsequently filed post-trial motions.[3] In its motion, Owens raised, *inter alia,* the statute of limitations issue. Specifically, Owens argued that it was joined following the expiration of the limitations period on any direct claim which appellee/plaintiff could bring against Owens. As such, Owens maintained that it could not be held directly liable to appellee, but rather, it could only be held liable to Keene for contribution. The trial court denied Owens' post-trial motions, specifically finding that the statute of limitations issue "was not raised before nor decided by the trial judge." Owens subsequently filed the present appeals, raising the identical issue in each:

Whether the trial court erred in denying appellant Owens–Illinois' motion for judgment on the basis that plaintiff's claim against Owens–Illinois was barred by the statute of limitations?

Owens initially contends that the trial court erred in failing to consider its limitations defense. Conversely, appellee alleges that Owens' admission of liability, in the stipulation between the parties, acted as a waiver of Owens' rights to post-trial relief. Appellee further contends that even if Owens has not

2. We note that at the time of trial, only original defendant Keene Corporation and additional defendants Owens, Pittsburgh–Corning, and Owens–Corning remained as active litigants. When the jury returned its verdict, only Keene and Owens remained active in the case.

3. At some point following the filing of post-trial motions, but before the trial court's ruling thereon, Keene filed for bankruptcy and was thus afforded an automatic stay.

waived its rights to post-trial relief, the statute of limitations issue was not raised or preserved in either the damage phase of the trial, or as part of the stipulation. In resolving this dispute, it is necessary to first examine the terms of the stipulation.

It is well-established that parties, by stipulation, may bind themselves on all matters except those affecting jurisdiction and prerogatives of the court. *Longenecker v. Matway,* 315 Pa.Super. 411, 415, 462 A.2d 261, 263 (1983). When interpreting a stipulation, courts employ the rules for construction of contracts, with the primary focus placed on ascertaining and giving effect to the intention of the parties. *Tyler v. King,* 344 Pa.Super. 78, 89, 496 A.2d 16, 21 (1985). The language of a stipulation, like that of a contract, is construed against the drafter. *Id.* In construing a stipulation, the court will adopt the interpretation that is the most reasonable and probable, bearing in mind the objects which the parties intended to accomplish through the agreement. *Wrenfield Homeowners Association v. DeYoung,* 410 Pa.Super. 621, 627, 600 A.2d 960, 963 (1991). The court will not extend the language by implication or enlarge the meaning of terms beyond what is expressed. *Ballard v. Heppe,* 403 Pa.Super. 441, 445, 589 A.2d 266, 268 (1991).[4]

**4.** We briefly note that appellee points to several cases, including *Pinkney v. Erie Railroad Co.,* 266 Pa. 566, 109 A. 700 (1920) and *Commonwealth v. Callahan,* 153 Pa. 625, 25 A. 1000 (1893), in support of its argument that Owens waived its appellate rights since it did not expressly preserve them in the stipulation. The cases cited by appellee involve a "case stated."

A case stated is an agreement by the parties whereby the court will enter a judgment based upon an agreed statement of facts submitted by the parties. *Falcione v. Cornell School Dist.,* 383 Pa.Super. 623, 627, 557 A.2d 425, 427 (1989). Agreement by the parties to the entry of a final judgment is an indispensable element of a case stated. *McCarron v. Upper Gwynedd Twp.,* 139 Pa.Cmwlth. 528, 537, 591 A.2d 1151, 1155 (1991). A judgment based upon a case stated is not appealable unless the parties expressly reserve the right to appeal. *Id.*

Here, there is no evidence that the parties agreed to the entry of a final judgment by the trial court. Moreover, the stipulation entered into by the parties did not contain an agreed upon statement of facts, or any facts, for that matter. The stipulation simply contained a concession by Owens that its asbestos products were a substantial factor and

 Following the damage phase of the trial, appellee's counsel placed on the record, in the presence of the trial court, a stipulation regarding the liability of Keene, Pittsburgh–Corning, Owens–Corning, and appellant Owens. After reviewing the stipulation, we conclude, from its clear and unambiguous language, that it was limited to the narrow issue of legal causation. At no point were Owens or any other defendants' rights to post-trial relief discussed, mentioned or otherwise implicated. Examining the stipulation on its face, and narrowly construing its terms, we can only conclude that Owens' rights to post-trial relief were unaffected by the stipulation and remained intact.[5,6]

cause of appellee's decedent's death. Finally, the parties at no point refer to the stipulation as a case stated, and there is no indication whatsoever, that the parties intended the stipulation to be submitted as a case stated. As such, the cases cited by appellee are not controlling.

5. Although it is unnecessary to look beyond the terms of the stipulation, we note that Owens' counsel stated on the record, immediately following the stipulation, that he believed that Owens' rights to pursue any available post-trial and appellate remedies had been preserved. We further note that appellee's counsel acknowledged that these rights had been preserved to the extent provided for by law. Because the stipulation was clear and unambiguous on its face, we are prohibited from examining evidence, as to the intent of the parties, which is not within the four corners of the stipulation. *See Walton v. Philadelphia National Bank*, 376 Pa.Super. 329, 545 A.2d 1383 (1988) (intent of parties must be ascertained from contract itself when terms are clear and unambiguous). We have recited these additional comments of Owens' and appellee's counsels solely for illustrative purposes, as they serve to buttress the conclusion that the stipulation did not affect Owens' post-trial rights. We take care to note that our finding that Owens' post-trial rights had not been waived was entirely in accordance with the applicable law, as our conclusion was based solely upon the clear language of the stipulation.

6. Both Owens and appellee have cited this Court's decision in *Normann v. Johns–Manville Corp.*, 406 Pa.Super. 103, 593 A.2d 890 (1991). In *Normann*, a panel of this Court held that an asbestos manufacturer, which stipulated to a one-tenth share of liability following the damage phase of a reverse-bifurcated trial, had preserved its appellate rights where the stipulation itself conditioned the admission of liability upon the preservation of these rights. *Normann* did not hold that a party's appellate rights would only be preserved where the stipulation expressly so stated. To the contrary, the decision of the panel in *Normann* was in accordance and consistent with caselaw governing stipulations; the language of the stipulation, on its face, clearly and unequivocally set forth the parties' intention that the manufacturer's appellate rights

We must now determine whether Owens has preserved the statute of limitations issue. As previously noted, appellee also contends that the statute of limitations issue was waived because Owens failed to raise or preserve it in either the damage phase of the trial or in the stipulation.

 The statute of limitations is a procedural bar to recovery which may be waived by explicit consent or by conduct. *Standard Pipeline Coating Co. v. Solomon & Teslovich, Inc.*, 344 Pa.Super. 367, 377, 496 A.2d 840, 845 (1985). Here, the liability phase of the trial did not take place due to Owens' and the other defendants' stipulation regarding the narrow issue of causation. This issue was entirely separate and apart from the purely legal defense of the statute of limitations. The limitations defense was likewise not implicated, and thus not necessarily raised, in the phase of the trial regarding damages. With respect to the preservation of an issue for post-trial review, Pa.R.C.P. 227.1(b) provides:

(b) Post–Trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion.

 In this case, Owens raised the statute of limitations defense in its answer and new matter, filed in response to the third party complaint which joined Owens as an additional defendant. Moreover, Owens specified, in its motion for post-trial relief, the grounds upon which it contended that the time bar of the statute of limitations was applicable. We do not find Owens' failure to raise the limitations defense at trial to

would be preserved. The *Normann* decision is completely silent as to the issue of whether appellate rights are preserved where the stipulation is silent as to this matter. As such, the *Normann* decision is inapposite in the present case. We do point out, however, that our conclusion was likewise in accordance with caselaw governing stipulations, and is consistent with the decision in *Normann,* as the stipulation in this case evidences no intent that Owens relinquished its appellate rights.

be fatal to its request for relief, particularly in view of the nature and conduct of the trial in this case (reverse bifurcated proceeding where liability stipulated to following verdict on damages), and the fact that Owens complied with our procedural rules in raising the limitations defense both in pre-trial proceedings and in post-trial motions. *See Armacost v. Winters*, 258 Pa.Super. 424, 392 A.2d 866 (1978) (trial court did not err in instructing jury on statute of limitations defense, where defense was raised in answer, and, despite defendant's admission of liability, he had not waived limitations defense). As such, we conclude that the trial court erred in finding that the statute of limitations had been waived.[7]

At this point, we would normally address the merits of Owens' statute of limitations defense. However, because we sit as reviewing court, and not as a court of first impression, we remand this case in order for the trial court to decide the statute of limitations issue in the first instance.

Judgments vacated. Case remanded for further proceedings.

7. We note that the day after the stipulation was entered into by the parties, Owens' counsel posted a letter to the trial court and counsel for the other parties. In this letter, Owens brought to the court's attention that the stipulation had not made clear that Owens had been joined following the expiration of the limitations period on appellee's action, and that any order of court based on the stipulation should reflect the fact that Owens liability was over to Keene and not directly to appellee. The letter also went on to state that Owens expected to file post-trial motions.

A review of the record, however, reveals that this letter is not contained in the record certified to this Court. As such, we cannot consider it in our disposition of this case. *See Smith v. Smith*, 431 Pa.Super. 588, 637 A.2d 622 (1993) (it is black letter law that an appellate court may not consider anything which is not part of the record in disposing of the case). We note that if Owens wished this Court to consider this letter on appeal, it should have petitioned the trial court, pursuant to Pa.R.A.P. 1926, to correct the record; or Owens could have protected itself by filing a copy of this letter with the lower court prothonotary at the same time it posted the letter to the trial court.

In any event, we would find, if we were able to consider this letter, that it supports our conclusion that this issue has been preserved. The letter clearly demonstrates that Owens, at all times, acted both to protect its rights to post-trial relief and to preserve the statute of limitations issue for appellate review.

Jurisdiction relinquished.[8]

---

**8.** Appellee's outstanding motions to quash, dismiss and/or strike are denied.