Tonya A. McKELVEY, Appellant,

v.

George A. McKELVEY, Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 16, 2001.

Filed April 5, 2001.

Harry L. Witte and Christine J. Taylor, Harrisburg, for appellant.

Shaubut C. Walz, Newport, for appellee.

Before FORD ELLIOTT, J., JOYCE, J., and CERCONE, President Judge Emeritus.

JOYCE, J.:

¶ 1 Tonya McKelvey, Appellant, appeals from the order dated April 4, 2000 wherein the court entered a mutual protection from abuse order. Also before us is a motion to withdraw as counsel filed by Appellant's attorney. Before delving into the merits of this appeal, a recitation of the procedural and factual history is in order.

¶ 2 Appellant filed a petition pursuant to the Protection from Abuse Act (PFA), 23 Pa.C.S.A. § 6101 et seq. on February 24, 2000. On that same date, a temporary PFA order was entered and hearing date was scheduled for March 3, 2000. At the hearing, both sides presented evidence of injuries suffered by each of them at the hands of the other. As a result of the testimony, the trial court suggested that the PFA order be mutual to each party since each party seemed to be the aggressor in different situations. Appellant's counsel objected arguing that Appellee did not file a petition for a PFA and thus a mutual order was prohibited by statute. N.T. 4/4/00 at 43, 46. However, Appellant expressed her willingness to enter into a mutual PFA order.[1] Thus, the

---

1. Normally, a party binds herself when entering into a stipulation except to those matters which affect the jurisdiction of the court. *See, Cobbs v. Allied Chemical Corp.,* 443

trial court issued a mutual PFA order against each party.

¶ 3 Thereafter, Appellant indicated her desire to appeal the mutual PFA order. Appellant's counsel set up an appointment for Appellant to come in and sign the necessary documents to perfect the appeal. However, Appellant never kept the appointment. Counsel made numerous phone calls to Appellant and Appellant's relatives and sent written correspondence to Appellant requesting her to come into the office. Again, Appellant never responded. Nonetheless, counsel filed the appeal and also petitioned our court for leave to withdraw her appearance, which we now grant.

¶ 4 Appellant raises the three following issues for our consideration:

I. In a Protection from Abuse Action, does the trial court have jurisdiction to enter, *sua sponte,* a Mutual Protection from Abuse Order against the [Appellant] as well as the [Appellee], where the [Appellee] has not filed a Petition for Protection from Abuse, notwithstanding the provision of 23 Pa.C.S. § 6108(c) that states, "Mutual orders of protection shall not be awarded unless both parties have filed timely written petitions, complied with service requirements under section 6106 and are eligible for protection from abuse under this chapter?"

II. In a Protection from Abuse action, does the entry of a Mutual Protection from Abuse Order without Appellee's filing a Petition for such relief, deny Appellant due process?

III. In a Protection from Abuse Action, does the entry of a Mutual Protection from Abuse Order without Appellee's filing a Petition for such relief, deprive Appellant of the full force and effect of

the statutory remedies to which she is entitled pursuant to 23 Pa.C.S. § 6101, et seq?

Appellant's brief, at 2.

¶ 5 23 Pa.C.S. § 6108(c) provides: "Mutual orders of protection.—Mutual orders of protection shall not be awarded unless both parties have filed timely written petitions, complied with service requirements under § 6106 (relating to commencement of proceedings) and are eligible for protection under this chapter...." "In Pennsylvania, it is well settled that a court must construe the words of a statute according to their plain meaning. 1 Pa.C.S.A. § 1903(a). When the words of a statute are unambiguous, they are not to be disregarded under the pretext of pursuing the spirit of the statute. 1 Pa.C.S.A. § 1921(a)." *Heard v. Heard,* 418 Pa.Super. 250, 614 A.2d 255 (1992) (case citations omitted).

¶ 6 We find that the language of 23 Pa.C.S.A § 6108 expressly provides that "mutual orders of protection shall not be awarded unless both parties have filed timely written petitions...." (emphasis added). Presently, the record reflects that Appellee never filed a petition for a PFA against Appellant and that only Appellant filed a petition against Appellee. N.T., 4/4/00, at 39–40. As such, the trial court erred when it disregarded the clear language of the statute and executed a mutual order for protection from abuse. Pa. R.C.P. § 1901.3, 42 Pa.C.S.A. *Heard, supra* at 258 (holding that the trial court was without authority to enter *sua sponte* a mutual no abuse order when one party did not file a petition under the PFA Act).

¶ 7 Because of our disposition of Appellant's first issue, an analysis of Appellant's second and third issues in unnecessary.

Pa.Super. 386, 661 A.2d 1375 (1995). Since this case implicates the jurisdiction of the

court to enter a mutual PFA order, Appellant's stipulation to the order cannot bind her.

¶ 8 Order reversed. Petition for leave to withdraw as counsel is granted.