J-A24009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.F.C. | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| C.B.C. | |
| | |
| Appellant | No. 1626 EDA 2013 |

Appeal from the Order Dated April 22, 2013
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 5030CV2001,
702 DR 2001, Paces #981103645

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED OCTOBER 22, 2014**

Appellant, C.B.C. ("Father"), appeals from the order entered in the Monroe County Court of Common Pleas, denying his exceptions to the master's recommendation in this child support matter.  We dismiss this appeal as untimely.

The relevant facts and procedural history of this case are as follows. Father and Appellee, M.F.C. ("Mother"), were married in 1984.  The parties separated in 2001.  They have three children: L.C., S.C., and J.C., born in 1991, 1992, and 1994, respectively.  J.C. is severely disabled and suffers from multiple health problems, including a rare brain disorder known as Lennox-Gastaut syndrome.  Mother has exclusive physical custody of J.C., who attends Mercy Special Learning Center and receives nursing care at

_____

*Retired Senior Judge assigned to the Superior Court.

night. For over ten years following their separation, Mother and Father litigated issues related to spousal and child support. Mother filed the most recent complaint for support on August 2, 2010. Following hearings before a master, the court entered a temporary order dated November 30, 2011, which adopted the master's recommendation and directed Father to pay support for Mother, S.C., and J.C. Father filed exceptions to the master's recommendation, which the court denied on February 21, 2012.

On March 9, 2012, Father filed a petition for modification of the November 30, 2011, support order. The master conducted a hearing on the petition on July 13, 2012. On September 26, 2012, the court entered the master's recommendation as a temporary order, directing Father to pay child support for S.C. for the period during which S.C. repeated his senior year of high school; and to continue paying child support for J.C.[1] Father filed exceptions to the master's recommendation, which the court denied on April 23, 2013. Father filed a notice of appeal on May 31, 2013. The court did not order Father to file a concise statement of errors complained of on

---

[1] Specifically, the order stated: "For the period of March 9, 2012 to June 9, 2012[, Father] shall pay the sum of $1,588.00 per month for the support of two children, unallocated. For the period of June 9, 2012 to July 1, 2012[, Father] shall pay the sum of $1,116.00 per month for the support of one child. Commencing July 1, 2012[, Father] shall pay the sum of $1,020.00 per month for the support of one child." Father was also made responsible for a share of the children's medical expenses. On October 1, 2012, the court amended the order to increase Father's monthly payments on arrears from $84.00 to $105.00.

appeal pursuant to Pa.R.A.P. 1925(b); and Father filed none. On June 14, 2013, this Court issued a rule to show cause why the appeal should not be dismissed as untimely. Father filed a response on June 24, 2013. By order of June 25, 2013, this Court referred the matter to the merits panel assigned to this case, to make a final determination as to the propriety of the appeal.

Father raises the following issues for our review:

> WHETHER IT IS APPROPRIATE FOR A STUDENT TO CONTINUE TO RECEIVE CHILD SUPPORT AFTER HIS NINETEENTH BIRTHDAY, AND DURING HIS SECOND SENIOR YEAR AT HIGH SCHOOL WHERE HE SPECIFICALLY AND PURPOSELY FAILED IN ORDER TO CONTINUE SUCH SUPPORT?
>
> WHETHER A PATERNITY TEST IS APPROPRIATE WHERE A HISTORY OF MARITAL INFIDELITY DRAWING CHILD LEGITIMACY INTO QUESTION COMES TO LIGHT LONG AFTER THE BIRTH OF A CHILD, THE PARTIES ARE NO LONGER MARRIED, AND THE CHILD IS DISABLED SUCH THAT A PARENT WILL BE PAYING CHILD SUPPORT FOR SUCH FOR UNTOLD YEARS AFTER HIS EIGHTEENTH BIRTHDAY?

(Father's Brief at 4).

Preliminarily, we must address the timeliness of Father's appeal. In his response to this Court's rule to show cause, Father alleges he is a senior officer in the United States Army and has served for many years on active duty. Father asserts that when the trial court issued its April 23, 2013 order denying his exceptions, he was on foreign deployment in Afghanistan. Father argues he was unable to communicate with his attorney regarding the court's order and the possibility of appeal. Father submits he returned to

the United States near the end of May, at which point he was able to contact counsel and file a notice of appeal. Father concludes this Court should excuse his late filing pursuant to the terms of the Servicemembers Civil Relief Act ("SCRA").[2]

Pennsylvania Rule of Appellate Procedure 903 provides: "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The notice of appeal shall be filed with the clerk of the trial court; "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3).

Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. **Id.** Absent extraordinary circumstances, namely, fraud or some breakdown in the processes of the court, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008); **Commonwealth v.**

---

[2] 50 App. U.S.C.A. §§ 501-597b.

*Braykovich*, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

The SCRA applies to "any judicial or administrative proceeding commenced in any court or agency[,]" with the exception of criminal proceedings. 50 App. U.S.C.A. § 512. Section 522 of the SCRA provides in relevant part:

**§ 522. Stay of proceedings when servicemember has notice**

(a) Applicability of section

This section applies to any civil action or proceeding, including any child custody proceeding, in which the plaintiff or defendant at the time of filing an application under this section--

**(1)** is in military service or is within 90 days after termination of or release from military service; and

**(2)** has received notice of the action or proceeding.

(b) Stay of proceedings

(1) Authority for stay

At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

(2) Conditions for stay

An application for a stay under paragraph (1) shall include the following:

**(A)** A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

**(B)** A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C.A. § 522.

Instantly, the court order denying Father's exceptions was filed on Tuesday, April 23, 2013. Therefore, Father had until Thursday, May 23, 2013, to file a notice of appeal. *See* Pa.R.A.P. 903(a). Father did not file his notice of appeal until May 31, 2013. Thus, Father's notice of appeal was patently untimely. *See id.* Moreover, the SCRA does not excuse Father's late filing. In his response to this Court's rule to show cause, Father did not cite any specific provision of the SCRA that he believes entitles him to relief. Under Section 522, servicemembers in active duty may apply for a stay of proceedings. Nevertheless, Father does not argue he applied for a stay with the trial court or this Court. Likewise, nothing in the certified record shows that Father ever applied for a stay.[3]

_____

[3] The SCRA also provides for the "[t]olling of statutes of limitation during military service." 50 App. U.S.C.A. § 526. Pursuant to Section 526: "The period of a servicemember's military service may not be included in

*(Footnote Continued Next Page)*

Furthermore, Father's appellate counsel has represented Father since the petition for modification of support was filed on March 9, 2012. At the hearing on July 13, 2012, Father's counsel told the master he filed the petition on behalf of Father while Father was in active military service and "not in this area." (N.T. Hearing, 7/13/12, at 5). The petition was filed only seventeen days after the court denied Father's previous exceptions. Thus, the record demonstrates Father's active military service outside of Pennsylvania did not impede his ability to communicate with counsel and make a timely filing in this case in the past.[4] Father fails to explain how the

_(Footnote Continued)_ _____

computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court…." **Id.** Father makes no argument that this provision applies to the time requirement for filing a notice of appeal. Moreover, Section 526 explicitly refers to "statutes of limitation." The thirty-day window for taking an appeal does not constitute a "statute of limitations." **See Commonwealth v. Fahy**, 558 Pa. 313, 329, 737 A.2d 214, 222 (1999) (explaining difference between statutes of limitations and jurisdictional time limits, which "go to a court's right or competency to adjudicate a controversy"); **Valentine, supra**; **Cobbs v. Allied Chemical Corp.**, 661 A.2d 1375, 1378 (Pa.Super. 1995), _appeal denied_, 543 Pa. 707, 672 A.2d 303 (1996) (stating "[t]he statute of limitations is a procedural bar to recovery which may be waived by explicit consent or by conduct"). Thus, Section 526 is inapplicable to the jurisdictional time limits for filing a notice of appeal.

[4] Father also filed a brief with the trial court on February 1, 2013. Moreover, in a petition to reconsider/delay judgment filed on February 6, 2013, Father's counsel stated that Father sent him money in January 2013, for the purchase of transcripts. In his response to the rule to show cause, Father fails to indicate when his deployment to Afghanistan began. Father testified at the master's hearing, however, that he would be deploying to Afghanistan in October 2012, which predates the February 1 and February 6, 2013, filings. (N.T. Hearing, 7/13/12, at 18).

current situation is distinguishable. Based on the foregoing, Father's failure to file his notice of appeal within thirty days of the order denying his exceptions to the master's recommendation divested this Court of appellate jurisdiction. **See Patterson, supra**. Accordingly, we dismiss this appeal as untimely.[5]

Appeal dismissed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2014

_____

[5] We also observe: "In Pennsylvania, the duty to support a child generally ceases when the child reaches the age of majority, which is defined as either eighteen years of age or when the child graduates from high school, whichever comes later." **Style v. Shaub**, 955 A.2d 403, 408 (Pa.Super. 2008). "To rebut the presumption that a parent has no obligation to support an adult child, the test is whether the child is physically and mentally able to engage in profitable employment and whether employment is available to that child at a supporting wage." **Id.** at 409. Thus, under certain circumstances, "Parents may be liable for the support of their children who are 18 years of age or older." 23 Pa.C.S.A. § 4321(3). "Emancipation of a child for purposes of the statute governing a parent's liability for support of a child is a question of fact to be determined by the totality of the circumstances presented in each case." **Castaldi v. Castaldi-Veloric**, 993 A.2d 903, 911 (Pa.Super. 2010) (quoting **Nicholason v. Follweiler**, 735 A.2d 1275, 1278 (Pa.Super. 1999), *appeal denied*, 561 Pa. 698, 751 A.2d 192 (2000)).