J. A32003/16

2017 PA Super 85

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHASI 2004-7, BY FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN IT'S CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, | : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| STEVEN E. BACH AND BARBARA A. BACH, | : : : | |
| Appellants | : | No. 1556 EDA 2016 |

Appeal from the Judgment Entered June 28, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 14-005775

BEFORE: DUBOW, RANSOM AND PLATT,[*] JJ.

OPINION BY DUBOW, J.:                    Filed:  March 29, 2017

Appellants, Steven E. Bach and Barbara A. Bach, appeal *pro se* from the June 28, 2016 Judgment entered in the Delaware County Court of Common Pleas granting an *in rem* Judgment in mortgage foreclosure. After careful review, we affirm.

We summarize the relevant portion of the factual and procedural history as follows.  On September 28, 2004, Appellants purchased a home

---

[*] Retired Senior Judge Assigned to the Superior Court.

located at 10 Roberts Road, Newtown Square, Pennsylvania. To finance the purchase, Appellants obtained a loan from Financial Mortgage Corp. in the amount of $479,200.00. Appellants executed a note, secured by a mortgage on the property at 10 Roberts Road.

On December 1, 2008, Appellants defaulted on their obligations under the mortgage and the note by failing to make their required monthly payment. Appellants have not made a single payment in the more than eight years since they defaulted on their obligation. Nevertheless, they remained living in the residence at 10 Roberts Road.

On July 2, 2014, Appellee filed a Complaint in foreclosure against Appellants. In the Complaint, Appellee listed two prior assignments of the mortgage: (i) from the original Mortgagee, Financial Mortgage Corp., to First Horizon Home Loan Corp. ("First Horizon"); and (ii) from First Horizon to Appellee.

Appellants filed Preliminary Objections, which the trial court overruled. Appellants subsequently filed an Answer to the Complaint, denying "the validity of the assignments, the authority of the parties that executed the assignments and the standing of the parties to the assignments to execute same." Answer, filed 10/3/14, at 1 (unpaginated).

The trial court held a non-jury trial on February 1, 2016. The parties entered 15 joint stipulations into the record. Exhibit J-1. Appellee introduced, *inter alia*, the original note, signed by Appellants and properly

endorsed in blank. *See* Exhibit P-10; Trial Court Opinion, filed 7/25/16, at 10 ("[t]he original note in this case is endorsed in blank and in [Appellee's] possession at trial.").

At trial, Appellants did not challenge the validity of the mortgage or their default in payment. Instead, Appellants attempted to challenge the assignment of the mortgage to Appellee and Appellee's standing to bring the foreclosure action. In addition, Appellants alleged, for the first time, that there existed an additional "assignment," conducted prior to the assignment from First Horizon to Appellee, and that this assignment rendered the assignment to Appellee invalid.

The court entered a verdict in favor of Appellee.[1] Appellants filed a timely Motion for Post-Trial Relief arguing, for the first time, that Appellee failed to include all prior assignments in the Complaint, and that this omission constituted a failure to comply with Pa.R.C.P. No. 1147. In an Order filed May 4, 2016, the trial court denied the Motion. On June 28, 2016, the trial court entered an *in rem* Judgment in favor of Appellee.

Appellants timely appealed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise two issues, each broken down into three sub arguments. *See* Appellants' Brief at 7-8. For ease of disposition, we

---

[1] Following trial, counsel for Appellants withdrew his appearance, and Appellant Steven A. Bach, an attorney, entered his appearance on behalf of himself and his wife.

summarize Appellants' arguments as follows. Appellants aver that, prior to the assignment from First Horizon to Appellee, an "assignment" had been made from First Horizon to First Horizon Asset Securities, Inc ("Prior Transaction"). All parties conceded that Appellee did not list this Prior Transaction in the Complaint. Appellants argue that this Prior Transaction rendered the assignment to Appellee invalid, and divested Appellee of standing to bring a complaint in foreclosure. *Id.* at 19-26. Appellants also aver that the failure to include the Prior Transaction in the Complaint constitutes a failure to state a claim upon which relief can be granted. *Id.* at 12-15.

> This Court's scope and standard of review well-settled:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue concerns a question of law, our scope of review is plenary.

> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Stephan v. Waldron Elec. Heating and Cooling LLC*, 100 A.3d 660, 664-65 (Pa. Super. 2014) (citation and quotation omitted).

**<ins>Appellee's Standing to Bring a Complaint in Foreclosure</ins>**

First, Appellants aver that Appellee lacks standing to enforce the terms of the mortgage and note.[2]  Appellants' arguments lack merit because Appellee held the original note endorsed in blank.

This Court has repeatedly made it clear that "a note secured by a mortgage is a negotiable instrument, as that term is defined by the [Pennsylvania Uniform Commercial Code ("PUCC").]" ***Gerber v. Piergrossi***, 142 A.3d 854, 862 (Pa. Super. 2016).  Because a borrower faces no risk of double liability under the PUCC, "the chain of possession by which a party comes to hold [a] note is immaterial to its enforceability by the party." ***Id.*** (citation and quotation omitted).  Where a note is endorsed in blank, meaning it does not specify that it is payable only to an identified person, the instrument is "payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." ***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1266 (Pa. Super. 2013) (citation and quotation omitted).

In the instant case, as noted above, Appellee presented to the trial court and submitted into evidence the original note, endorsed in blank.

---

[2] Although Appellee has not raised the issue, we observe that Appellants themselves lack standing to challenge the validity of the assignment to Appellee.  ***See Gerber v. Piergrossi***, 142 A.3d 854, 862 (Pa. Super. 2016) (holding that "under the PUCC, a borrower is not in peril of double liability or injury by an allegedly defective assignment . . .  [and, therefore,] a borrower lacks standing to challenge the validity of [an] assignment.").

Appellants do not challenge the authenticity of the note. Thus, the trial court correctly concluded that Appellee had standing to enforce the note through the instant foreclosure action.

## Alleged Defect in the Complaint

We turn next to Appellants' averment that they are entitled to relief because Appellee failed to include the Prior Transaction in the Complaint, in contravention of Pa.R.C.P. 1147(a). As discussed, *supra*, Appellants lack standing to contest the impact of the Prior Transaction on the later assignment to Appellee. As a separate matter, however, Rule 1147(a) requires a plaintiff in a foreclosure action to list all prior assignments in the Complaint. Appellants aver that Appellee failed to do so in the instant case, and that that failure entitles them to relief.

The trial court concluded that Appellants had waived this claim by failing to raise it in their Preliminary Objections or Answer to the Complaint.[3] Trial Court Opinion, at 7-8. As the trial court correctly noted, under Rule 1032(a):

> A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy

---

[3] The trial court also found that the Prior Transaction was not actually an assignment and, therefore, Appellee properly complied with Pa.R.C.P. 1147(a).

and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.C.P. 1032(a).

In their challenge to the trial court's conclusion of waiver under Rule 1032(a), Appellants rely on Rule 1147(a). They contend that Rule 1147(a) "define[s] the factual averments required to state a cause of action." Appellants' Brief at 13. Appellants further argue that they are raising the defense of failure to state a claim upon which relief can be granted, which, under Rule 1032(a), need not be raised in a preliminary objection or answer.

We disagree with Appellants' assertion that Rule 1147(a) defines a cause of action in mortgage foreclosure. We also disagree with the characterization of their averment as a claim that Appellee failed to state a claim upon which relief can be granted. We agree with the trial court that Appellants waived this issue.

As our Supreme Court has explained, "[a] cause of action is 'a factual situation that entitles one person to obtain a remedy in court from another person.'" ***Beneficial Consumer Discount Co. v. Vukman***, 77 A.3d 547, 552 (Pa. 2013) (quoting Black's Law Dictionary 235 (8th ed. 2004)).

In contrast, Rule 1147(a) is a rule of civil **procedure**, promulgated pursuant to our Supreme Court's authority "to prescribe general rules governing practice, procedure, and the conducts of all courts[.]" Pa.R.C.P. No. Adoption (quoting Pa. Const. Art. V, § 10). Rule 1147(a) provides guidance to plaintiffs as to the proper form of a complaint. Although Rule

1147(a) requires the listing of all prior assignments, that procedural requirement does not itself present a cause of action. Nor does that requirement modify the underlying factual situations that make up a cause of action in foreclosure.[4] To accept Appellants' tortured contention that a rule of procedure defines a cause of action would be to ignore basic legal precepts.

In the instant case, the factual situation that entitled Appellee to relief is as follows: Appellants obtained a loan from Financial Mortgage Corp. in the amount of $479,200.00. Appellants signed a note, secured by a valid mortgage. Appellants defaulted on that note nearly a decade ago. N.T., 2/1/2016, at 30. Appellee is in possession of the original note, endorsed in blank, and is entitled to enforce the terms of the note.

In actuality, Appellants' averment is a challenge to the form of the Complaint. Our rules specifically provide the appropriate manner in which to raise an objection to the form of a pleading:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

. . .

---

[4] In fact, Rule 1147(a)'s assignment requirement illustrates this point. As a procedural matter, a plaintiff must list all prior assignments of a note. As a substantive matter, however, the chain of assignments that brought the note into plaintiff's possession is irrelevant to whether he is entitled to relief. **Gerber, supra** at 862. It is clear, then, that Rule 1147(a) requires plaintiffs to provide information in the Complaint beyond that which is required to state a claim upon which relief can be granted.

> (2) failure of a pleading to conform to law or rule of
> court . . . .

Pa.R.C.P. 1028(a)(2).

Appellants failed to do so here. In their Preliminary Objections, Appellants did not raise a claim that the Complaint failed to comply with Pa.R.C.P. 1147(a), nor did they allege the existence of the Prior Transaction.[5] They also failed to raise the issue in their Answer. We, therefore, agree with the trial court's conclusion that Appellants waived this claim by failing to raise it in their Preliminary Objections and Answer.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017

---

[5] As the trial court points out, Appellants were aware of the Prior Transaction before filing their Preliminary Objections. Trial Court Opinion, at 8 n. 1.