J-A27019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JEFFREY H. SORKIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| PAUL J. SEDACCA | |
| Appellant | No. 649 EDA 2018 |

Appeal from the Judgment Entered April 16, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 03513

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 15, 2019**

Appellant, Jeffrey H. Sorkin ("Sorkin"), appeals from the judgment entered on April 16, 2018 in the Court of Common Pleas of Philadelphia County following denial of Sorkin's motion for post-trial relief relating to his age discrimination claim against Appellee, Paul J. Sedacca ("Sedacca").  Sorkin contends the trial court, which found a *prima facie* case of age discrimination, erred by refusing to enter a verdict in his favor in light of admissions made by Sedacca as well as other evidence admitted at trial.  Following review, we affirm.

The trial court provided the following summary of evidence presented at Sorkin's bench trial:

> [Sorkin], a state licensed chiropractor with an additional license for adjunctive procedures, began working for [Appellee] Paul J. Sedacca, M.D. [] in 2010 for an hourly wage of $80/hour.

[Sedacca] owns a medical practice at 2300 S. Broad Street in Philadelphia, Pennsylvania. From 2010 to 2013, [Sedacca's] practice revenues dropped 30% and [Sedacca] determined that cost reductions were necessary to maintain his practice.

In February 2013, [Sedacca] met with [Sorkin] to discuss the situation. [Sorkin] agreed to accept a reduced hourly rate of $55/hour. During the discussion, [Sedacca] testified that [Sorkin] "clearly stated he could not and would not go lower." Alan Spiegel ("Spiegel"), [Sedacca's] practice management consultant, was present during the meeting and testified that [Sorkin] "made it very clear that he could not go any lower."

[Sorkin] went on vacation in late April 2013. During his absence, his patients were seen by Brielle Dudek ("Dudek") of ChiroCover. Dudek, a 28 year old licensed chiropractor with an additional license in adjunctive procedures, was familiar with [Sedacca's] practice. With the understanding that [Sorkin] would not accept another salary reduction, [Sedacca] offered Dudek full-time employment at an annual salary of $60,000.[1] On or about May 5, Spiegel call [Sorkin] to inform him that his services were no longer needed. On May 24, 2013, [Sorkin] received an email and letter detailing the terms of his severance and termination of employment. The letter stated that [Sorkin's] termination was "solely the result of the financial troubles that the practice has experienced through the last few years."

[1] Dudek's salary was later reduced to $52,000.00 in 2014 due to financial circumstances.

Trial Court Opinion, 5/9/18, at 1-2 (references to notes of testimony and trial exhibits omitted).[1]

_____

[1] Sorkin, who was born on January 8, 1953, was sixty years of age when he was terminated in 2013 and had practiced chiropractic medicine since 1994. He testified at trial that his annual compensation at $80 per hour totaled approximately $150,000. That annual total was reduced to a little more than $100,000 when he agreed to accept the $55 hourly rate. He accepted the lower rate with the understanding it would return to the higher rate once the practice's financial condition rebounded. *See* N.T., 9/25/17, Trial, at 11, 13, 17-18.

Sorkin filed an age discrimination claim on July 23, 2013. On July 29, 2016, after exhausting his administrative remedies, he filed a complaint in the Philadelphia County Court of Common Pleas. On September 25, 2017, a bench trial was held on his claim under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955. Pursuant to Section 955(a), it is unlawful "[f]or any employer because of the . . . age . . . of any individual[,] to . . . discharge from employment such individual[,] if the individual . . . is the best able and most competent to perform the services required."

On September 29, 2017, the trial court issued its findings of fact and conclusions of law, determining that Sorkin "failed to prove, by a preponderance of the evidence, that age was a motivating or determinative factor in [Sedacca's] decision to terminate [Sorkin's] employment." Trial Court Opinion, 5/9/18, at 2 (citing Conclusions of Law, 9/29/17, at ¶ 6). The order announcing the verdict in favor of Sedacca and against Sorkin was entered on the docket on October 2, 2017. Order, 10/2/17. Sorkin filed a timely post-trial motion requesting a new trial. The trial court denied the motion on February 7, 2018 and judgment was entered on April 16, 2018. Sorkin filed a timely appeal to this Court and a 15-paragraph Rule 1925(b)

statement of errors complained of on appeal.[2]  In response, the trial court issued a Rule 1925(a) opinion, condensing Sorkin's claims into three claims.

Sorkin asks us to consider the following three issues, which essentially parallel the issues as framed in the trial court's Rule 1925(a) opinion:

I. After correctly finding that [Sorkin] established a *prima facie* case of age discrimination, should the trial court have entered a verdict in favor of [Sorkin] on his [PHRA] claim given the admissions of [Sedacca] and the other evidence submitted at trial?

II. Did [Sedacca's] admitted refusal to give [Sorkin] an opportunity to maintain his position at the lower salary offered to his replacement (even after [Sorkin] asked), and his awarding of [Sorkin's] position to a younger employee, violate the plain language of the PHRA in light of [Sedacca's] admissions at trial that [Sorkin] had no performance issues and was the best able and most competent to perform the chiropractic services [Sedacca] required?

III. Should the United States Supreme Court's decision in **Gross v. FBL Financial Services, Inc.**, 557 U.S. 167 (2009)[,] and its more stringent "but-for" burden of proof for [Age Discrimination in Employment Act ("ADEA")[3]] cases be followed in age discrimination claims under the PHRA given the fact that this leads to an utterly absurd result requiring the "because of" language in section 955(a) of the PHRA to be interpreted differently depending on the particular type of discrimination at issue?

Appellant's Brief at 4-5 (some capitalization omitted).

---

[2] While Sorkin did include his Rule 1925(b) statement and the trial court opinion in Volume I of the Reproduced Record, we remind counsel that Pa.R.A.P. 2111(a)(11) and (b) direct that those filings be included in or appended to an appellant's brief.

[2] 29 U.S.C. § 621 *et seq*.

As this Court recently reiterated:

Our standard for reviewing non-jury verdicts is as follows:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Ferraro v. Temple Univ.*, 185 A.3d 396, 401 (Pa. Super. 2018) (quoting

*Bank of N.Y. Mellon v. Bach*, 159 A.3d 16, 19 (Pa. Super. 2017)). As an

appeal from the denial of a motion seeking a new trial, our review

is limited to determining whether the trial court acted capriciously, abused its discretion, or committed an error of law that controlled the outcome of the case. In making this determination, we must consider whether, viewing the evidence in the light most favorable to the verdict winner, a new trial would produce a different verdict. Consequently, if there is any support in the record for the trial court's decision to deny a new trial, that decision must be affirmed.

*Grossi v. Travelers Personal Ins. Co.*, 79 A.3d 1141, 1148 (Pa. Super.

2013) (citations omitted).

In his first issue, Sorkin argues he was entitled to a verdict in his favor because the trial court correctly concluded Sorkin established a *prima facie* case of age discrimination under the PHRA. In his second issue, he asserts Sedacca violated the plain language of the PHRA by not offering Sorkin the lower salary offered a younger employee and by awarding Sorkin's position to the younger employee, even though Sorkin was "the best able and most competent" to perform the chiropractic services Sedacca required. We consider these issues together.

As reflected above, the PHRA dictates that it is unlawful for an employer, because of the age of an individual, to discharge that individual from employment if the individual is the best able and most competent to perform the services required. ***See*** 43 P.S. § 955(a). As this Court has explained,

> Generally, claims brought under the PHRA are analyzed under the same standards as their federal counterparts. Therefore, though not binding on our state courts, federal court interpretations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* serve to inform this Court's interpretations of the PHRA.
>
> Established for Title VII cases, where, as here, direct evidence of discriminatory treatment is lacking, is "an allocation of the burden of production and an order for the presentation of proof" according to which a court may assess a plaintiff's indirect evidence of discrimination. **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This Title VII burden-shifting framework as developed in **McDonnell Douglas** is a three-part one. First, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. The burden on the plaintiff of presenting a *prima facie* case under **McDonnell Douglas** is minimal. If the plaintiff cannot meet this minimal burden, the employer is entitled to judgment as a matter of law.

***Kroptavich v. Pennsylvania Power and Light Co.***, 795 A.2d 1048, 1055

(Pa. Super. 2002) (additional citations and internal quotations omitted).

> Under ***McDonnell Douglas***,
>
> an age discrimination plaintiff may make a *prima facie* case with evidence showing that the plaintiff at the relevant time: (i) belonged to a protected class, *i.e.*, was at least 40 years of age; (ii) was qualified for the position; (iii) was dismissed despite being qualified; and (iv) suffered dismissal under circumstances giving rise to an inference of discrimination, such as the fact that the plaintiff was replaced by someone substantially younger.

***Kroptavich***, 795 A.2d at 1056 (citations omitted). Here, the trial court

correctly determined that Sorkin established a *prima facie* case of age

discrimination. Trial Court Opinion, 5/9/18, at 5 (citing Conclusions of Law/

9/29/17, at ¶ 2).

In ***Allegheny Housing Rehabilitation Corp. v. Pennsylvania***

***Human Relations Commission***, 532 A.2d 315 (Pa. 1987), which involved a

claim of sex discrimination under the PHRA, our Supreme Court explained:

> It was never intended, however, that the [***McDonnell Douglas***] analytical method would immunize members of "protected classes" from adverse employment decisions simply by dint of their class membership. Nothing about the Human Relations Act removes its operation from the bedrock concept of our jurisprudence that one who alleges wrongdoing must supply the proof. The stated analysis is no more than an aid to evaluating the proof. If the plaintiff produces sufficient evidence that, if believed and otherwise unexplained, indicates that more likely than not discrimination has occurred, the defendant must be heard in response.

***Id.*** at 319. Because Sorkin established a *prima facie* case of age

discrimination,

a presumption of discrimination arises, and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. The employer's burden in this second part is one of production, not persuasion, and thus involves no credibility assessment. If the employer articulates a legitimate business explanation, then the presumption of discriminatory intent created by the employee's *prima facie* case is rebutted and the presumption simply drops out of the picture.

*Ferraro*, 185 A.3d at 400 (quoting *Kroptavich*, 795 A.2d at 1055). Accordingly, Sedacca bears the burden of production and must "articulate a legitimate, nondiscriminatory reason for terminating" Sorkin. *Kroptavich*, 795 A.2d at 1059.

Here, the trial court found that Sedacca "advanced a legitimate non-discriminatory reason for [Sorkin's] termination, namely the financial struggles of the practice, which were not pretextual." Trial Court Opinion, 5/9/18, at 5 (citing trial exhibits). "Instead of negotiating a lower salary for [Sorkin], [Sedacca] relied on previous conversations in which [Sorkin] expressed an unwillingness to accept less money." *Id.* (citing Notes of Testimony, Trial, 9/25/17, at 59). As the trial court recognized, Sedacca testified that Sorkin's termination was "solely a financial decision" so that Sedacca would no longer have to pay practice expenses out of his own pocket. *Id.* at 6. As such, the court concluded, Sedacca "presented a legitimate, non-discriminatory reason to terminate [Sorkin's] employment." *Id.*

Sedacca and Spiegel offered testimony, supported by documentation, chronicling the practice's decline. While Sorkin suggested that his patient load

increased—and even doubled—during his time with the practice, the financial statements did not reflect an increase but, rather, a continuing decline. As Sedacca explained, the practice's financial picture worsened and his own earnings from his practice fell as well, to the point he was earning less than he was paying Sorkin. We agree with the trial court's conclusion that Sedacca met its burden of production, articulating a legitimate, nondiscriminatory reason for terminating Sorkin.

Under **McDonnell Douglas**, therefore, the burden shifts back to Sorkin to show that Sedacca's "purportedly legitimate reason was but a pretext for what was actually a motive to discriminate on the basis of age." **Kroptavich**, 795 A.2d at 1059.

> To discredit an employer's articulated reason, a plaintiff need not produce evidence that necessarily leads to the conclusion that the employer acted for discriminatory reasons[.] Nor, as a matter of law, must a plaintiff produce evidence in excess of that produced in his *prima facie* case in order to prevail, although inferences acceptable at the *prima facie* stage may not satisfy the higher level of specificity usually required at the pretext stage.
>
> > In the pretext stage, the plaintiff must, however, point to "weaknesses, implausibilities, inconsistencies, incoheren-cies, or contradictions in the employer's proffered legitimate reasons such that a reasonable factfinder could rationally find them 'unworthy of credence'" and hence infer that the proffered nondiscriminatory reason "did not actually motivate" the employer's action.
>
> **Simpson**[ **v. Kay Jewelers**, 142 F.3d 639, 644 (3d Cir. 1998) (quoting **Fuentes v. Perskie**, 32 F.3d 759, 764-65 (3d Cir. 1994))].
>
> > To show that discrimination was more likely than not a cause for the employer's action, the plaintiff must point to

evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision.

*Simpson*, 142 F.3d at 644-45 (quoting *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1111 (3d Cir.1997)).

*Kroptavich*, 795 A.2d at 1059-60 (alterations and some citations omitted).

Based on its examination of the third prong of the analysis, the trial court concluded:

In support of his claim that [Sedacca's] reason was pretextual, [Sorkin] offered only that [Sedacca] once referred to himself and [Sorkin] as "old guns." [Sorkin] also noted the age difference between himself and Dudek. She was 28, he was 60. However, [Sedacca] testified that age was not a concern or motivating factor to replacing [Sorkin] with Dudek. [Sorkin] offered no evidence to rebut [Sedacca's] claim that he was motivated solely by financial need and instead relied on age disparity as conclusive evidence of discrimination. As discussed *supra*, age and salary are analytically distinct considerations. While age disparity is a relevant consideration in determining whether [Sorkin] established a *prima facie* case of discrimination under the first prong of the *McDonnell Douglas* framework, it does not undermine the legitimate reason provided by [Sedacca]. *See Kroptavich*, [795 A.2d] at 1059.

[Sedacca's] evidence of his practice's financial downturn was not successfully rebutted by [Sorkin's] evidence. As a result, the [c]ourt found that [Sorkin] failed to prove that [Sedacca's] proffered reason for termination was not a legitimate reason or pretextual. [Sorkin's] claim is without merit[.]

Trial Court Opinion, 5/9/18, at 6-7 (references to notes of testimony omitted).

We find no abuse of discretion in the trial court's factual findings, its analysis, or in its conclusion that Sorkin failed to establish an age discrimination claim, despite satisfying the *prima facie* prong of the test.

- 10 -

Because the trial court's factual findings are supported by the record and the trial court correctly applied the law, Sorkin's first two claims fail for lack of merit.

In his third claim, Sorkin asks this Court to consider whether a "motivating factor" rather than "but-for" test should be applied to age discrimination cases under the PHRA. However, this Court has determined that the **McDonnell Douglas** framework is appropriately applied to age discrimination claims under the PHRA, **see**, **e.g.**, **Kroptavich and Ferraro**, **supra**, and our Supreme Court has likewise employed the framework in a sex discrimination claim, **see Allegheny Housing Rehabilitation**, **supra**. Moreover, Sorkin has failed to demonstrate that age was a "motivating factor" in Sedacca's decision to terminate him. As the trial court noted, Sedacca "testified that age was not a concern or motivating factor in replacing [Sorkin] with Dudek. [Sorkin] offered no evidence to rebut [Sedacca's] claim that [Sedacca] was motivated solely by financial need[.]" Trial Court Opinion, 5/9/18, at 7 (reference to notes of testimony omitted). Whether analyzed under a "motivating factor" or a "but-for" test, Sorkin cannot prevail. Sorkin's third issue affords him no basis for relief.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/19