J-A01013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JARED KREISS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAIN LINE HEALTH, INC. MAIN LINE | : | No. 1396 EDA 2018 |
| HOSPITALS, INC. AND PAOLI | : | |
| HOSPITAL | : | |

Appeal from the Judgment Entered June 7, 2018
In the Court of Common Pleas of Chester County
Civil Division at No(s):  2015-08189-MJ

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                                    **FILED MAY 29, 2019**

Jared Kreiss appeals from the judgment entered June 7, 2018,[1] in the

Chester County Court of Common Pleas in favor of Main Line Health, Inc., Main

Line Hospitals, Inc., and Paoli Hospital (collectively "Paoli Hospital"), in this

action based upon a violation of the Pennsylvania Medical Care Availability and

---

[1] We note Kreiss filed his notice of appeal from the April 26, 2018, order of the trial court denying his post-trial motions.  **See** Notice of Appeal, 5/9/2018. Although an appeal "does not properly lie from an order denying post-trial motions, but rather upon judgment entered following disposition of post-trial motions[,]" this Court will treat an appeal as timely filed if judgment is later entered on the docket.  ***McConaghy v. Bank of New York for Certificate Holders CWALT, Inc., Alternative Loan Tr. 2006-45T1, Mortg. Pass-Through Certificates, Series 2006-45T1***, 192 A.3d 1171, 1173 n.1 (Pa. Super. 2018).  Here, upon order of this Court, Kreiss praeciped the trial court to enter judgment, on June 7, 2018.  Accordingly, we consider the appeal to have been timely filed after the entry of judgment.  **See** Pa.R.A.P. 905(a)(5).

Reduction of Error ("MCARE") Act. *See* 40 P.S. §§ 1303.101-1303.910.

Kreiss' issues on appeal focus on the trial court's conclusion that his retaliatory

discharge action under MCARE is time-barred. For the reasons below, we

affirm.

The facts underlying Kreiss' claim are as follows. In April of 2014, Kreiss

had been employed as a nurse at Paoli Hospital for over 10 years, and had

been assigned to the Interventional Radiology Department since March of

2011. On each of his annual performance evaluations, Kreiss either met or

exceeded expectations. *See* Stipulated Facts, 12/11/2017. Nevertheless, on

the afternoon of April 22, 2014, Kreiss received a telephone call from Doug

Hughes, Paoli Hospital's Vice President of Administration, during which Hughes

informed Kreiss "he had a very serious incident situation to talk about" that

involved a joke Kreiss made to Tyler Warnecke, a physician's assistant and

co-worker at the hospital, a few months earlier.[2] N.T., 12/11/2017, at 120.

_____

[2] Kreiss described the incident as follows. One morning when he arrived at work, he noticed he had a dog leash in his backpack. He pulled the leash out and said to Warnecke "I brought this in case you fall too far behind today." N.T., 12/11/2017, at 107. The joke referenced the fact that Warnecke followed one of the hospital's radiologists, Dr. Atul Gupta, around all day. *See id.* at 185. Kreiss' supervisor witnessed the joke, and neither she nor Warnecke gave any indication at that time that the joke was inappropriate or offensive. *See id.* at 108. However, as part of its evidence, Paoli Hospital introduced an email purportedly sent by Warnecke to Dr. Gupta, in which Warnecke stated Kreiss referred to him as Dr. Gupta's "puppy," and revealed there had been other remarks made by other co-workers about the joke which he felt were "belittling and disrespectful." N.T., 12/13/2017, at 49-50, Plaintiff's Exhibit 37, email dated 5/8/2014 from Sarah Heilman to James Paradis, forwarding 4/22/2014 email from Warnecke to Dr. Gupta.

He told Kreiss not to report to work the next day (April 23), but to meet Hughes and Human Resources Manager Sarah Heilman, in Hughes' office at 9:00 a.m. When Kreiss arrived for the meeting, he discovered his access badge no longer worked to unlock doors. *See id.* at 120-121. During the meeting, Hughes and Heilman asked Kreiss about the statement he made to Warnecke. Kreiss admitted making the comment, but insisted it was a joke. *See id.* at 121-122. Heilman and Hughes informed Kreiss they had a few more people to talk to about the incident, and that they would call him around 4:00 p.m. *See id.* at 123. After leaving the meeting, Kreiss called Hughes to further explain his side of the story. Hughes gave him the option to resign. When Kreiss refused to do so, Hughes called him back at 4:00 p.m., and told Kreiss he was fired. *See id.* at 124-125. Kreiss subsequently received a letter from Heilman which stated, in pertinent part:

> As per our phone conversation with Doug Hughes on April 23, 2014, this letter serves to confirm that your employment with Paoli Hosptial has been terminated effective April 24, 2014.

N.T., 12/13/2017, at 49-50, Plaintiff's Exhibit 8, Termination Letter, dated 4/24/2014. Thereafter, Kreiss appealed the decision to the CEO of Paoli Hospital, but he was not reinstated.

Kreiss initiated this action in the Philadelphia County Court of Common Pleas by writ of summons filed on October 21, 2014. He subsequently filed a first amended complaint on April 27, 2015, alleging an MCARE Act violation, and common law wrongful discharge. Kreiss averred that his discharge, based on the joke, was pretextual, and he was actually terminated in retaliation for

- 3 -

his reporting of an incident involving Dr. Gupta. **See** First Amended Complaint, 4/27/2015, at ¶ 42. With respect to this incident, Kreiss alleged that on April 10, 2014, Dr. Gupta refused to respond immediately to an urgent call that he was needed in the catheterization lab ("cath lab"). **See id.** at ¶¶ 13-19. Kreiss stated he and his supervisor reported the incident in the interest of patient safety. **See id.** at ¶¶ 21-24, 42-43.

In September of 2015, the case was transferred to the Chester County Court of Common Pleas. Paoli Hospital filed an answer with new matter on January 26, 2016, alleging, *inter alia*, Kreiss' claims were barred by the applicable statute of limitations. **See** Paoli Hospital's Answer to First Amended Complaint, 4/26/2016, at New Matter, ¶ 6. Thereafter, on November 17, 2016, Paoli Hospital filed a motion for partial summary judgment on Kreiss' wrongful discharge claim. The trial court granted the motion on January 11, 2017. Kreiss' MCARE retaliatory discharge claim proceeded to a non-jury trial from December 11, 2017, to December 13, 2017. At the conclusion of Kreiss' case-in-chief, Paoli Hosptial moved for a compulsory nonsuit, asserting Kreiss' claim was time-barred under the applicable statute of limitations. The court took the matter under advisement. Subsequently, on January 30, 2018, the trial court entered a decision in favor of Paoli Hospital, concluding Kreiss' action was time-barred. **See** Decision, 1/30/2018. Kreiss filed timely post-

trial motions, which the court denied on April 26, 2018, following oral argument. This appeal followed.[3]

In considering an appeal from a non-jury verdict, our scope and standard of review are well-established:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

**Bank of New York Mellon v. Bach**, 159 A.3d 16, 19 (Pa. Super. 2017) (quotation omitted), *appeal denied*, 170 A.3d 1019 (Pa. 2017). Furthermore, when this Court engages in statutory interpretation, we must be mindful of the following:

_____

[3] On May 14, 2018, the trial court ordered Kreiss to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Kreiss complied with the court's directive and filed a concise statement on May 29, 2018. On June 28, 2018, the Honorable Jeffrey R. Sommer authored an opinion in this matter. Judge Sommer explained he was assigned the case after the presiding trial judge, the Honorable Edward Griffith, took medical leave following the denial of Kreiss' post-trial motion. **See** Trial Court Opinion, 6/28/2018, at 15 n.5.

As in all cases of statutory interpretation, our goal is to ascertain the intent of the General Assembly in adopting the statute. 1 Pa.C.S. § 1921(a). In doing so, we must, if possible, give effect to all the provisions of a statute. 1 Pa.C.S. §§ 1921, 1922. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Only when the words are ambiguous may we look to the general purposes of the statute, legislative history, and other sources in an attempt to determine the legislative intent. 1 Pa.C.S. § 1921(c). In construing a statute, the courts must attempt to give meaning to every word in a statute as we cannot assume that the legislature intended any words to be mere surplusage. Furthermore, we should avoid construing a statute in such a way as would lead to an absurd result. 1 Pa.C.S. § 1922.

***Holland v. Marcy***, 883 A.2d 449, 455–456 (Pa. 2005).

All but one of Kreiss' issues on appeal involve the trial court's determination that his MCARE retaliation claim is time-barred. First, Kreiss argues his MCARE retaliation claim is not subject to the 180-day statute of limitations set forth in the Whistleblower Law, 43 P.S. §§ 1421-1428. ***See*** Kreiss' Brief at 41-54.

Kreiss' claim is premised upon Section 1303.308 of the MCARE Act, which mandates that a health care worker report "a serious event or incident" that jeopardizes patient safety. 40 P.S. § 1303.308(a). Subsection (c) provides protection for an employee who makes such a report:

**(c) Liability.--**A health care worker who reports the occurrence of a serious event or incident in accordance with subsection (a) or (b) shall not be subject to any retaliatory action for reporting the serious event or incident and shall have **the protections and remedies set forth in … the Whistleblower Law**.

40 P.S. § 1303.308(c) (emphasis supplied).

- 6 -

Similarly, "[t]he Whistleblower Law provides protection for employees of a public employer who report a violation or suspected violation of state law." *Greco v. Myers Coach Lines, Inc.*, 199 A.3d 426, 430 (Pa. Super. 2018) (quotation and footnote omitted). Section 1424 of the Law provides, in relevant part:

> **(a) Civil action.--**A person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, **within 180 days after the occurrence of the alleged violation**.

43 P.S. § 1424(a) (emphasis supplied).

In his first argument, Kreiss insists the 180-day statute of limitations set forth in Section 1424(a) of the Whistleblower Law does not apply to claims under Section 1303.308 of the MCARE Act. He maintains the MCARE Act specifically adopted only the "protections and remedies" of the Whistleblower Law, and the limitations period does not constitute either a protection or a remedy for an injured employee under the common definition of those terms. *See* Kreiss' Brief at 43-48. While Kreiss acknowledges the 180-day limitations period is codified under the heading "Remedies," he contends "[t]he Statutory Construction Act recognizes that headings in statutes are not necessarily consistent with the actual provisions that fall under them[,]" and, therefore, are not controlling. *Id.* at 50. Moreover, he refers to two Pennsylvania Supreme Court decisions - *O'Rourke v. Commonwealth*, 778 A.2d 1194 (Pa. 2001), and *Bailets v. Pennsylvania Turnpike Commission*, 181 A.3d 324 (Pa. 2018) - which cite the statutory remedies available under the

Whistleblower Law as those listed in Section 1425, under the heading "Enforcement." *See* 43 P.S. § 1425 (allowing a court judgment under the Act to include "reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages or any combination of these remedies[, as well as,] the costs of litigation"). Accordingly, based on the plain language of the statute, Kreiss argues the 180-day time limitation in the Whistleblower Law was not incorporated into Section 1303.308(c) of the MCARE Act.

The trial court, however, initially determined Kreiss waived this argument because he failed to raise it in his written opposition to Paoli Hospital's request for a compulsory nonsuit. *See* Trial Court Opinion, 6/28/2018, at 3 n.2. We agree.

Pennsylvania Rule of Civil Procedure 227.1 provides, in relevant part, "post-trial relief may not be granted unless the grounds therefor, … if then available, were raised … at trial[.]" Pa.R.C.P. 227.1(b)(1). The law is clear: "In order to preserve an issue for appellate purposes, the party must make a timely and specific objection to ensure that the trial court has the opportunity to correct the alleged trial error." ***Rancosky v. Washington Nat. Ins. Co.***, 130 A.3d 79, 102 (Pa. Super. 2015), *aff'd*, 170 A.3d 364 (Pa. 2017). ***See id.*** (finding claim that insurance company's conduct during trial evidenced its bad faith toward the plaintiff waived when plaintiff did not raise the issue "at any time before or during the bad faith trial[,]" but rather raised it for the first time in post-verdict motion).

- 8 -

At the conclusion of Kreiss' case-in-chief, Paoli Hospital made a motion for a compulsory nonsuit based, in part, on the fact Kreiss' claim was time-barred. *See* N.T., 12/13/2017, at 52. Paoli Hospital argued the 180-day limitations period in the Whistleblower Law applied to Kreiss' MCARE action, and the limitations period began to run on the date Kreiss was informed of his termination, that is, April 23, 2014. *See id.* at 54. Because Kreiss did not initiate the present action until October 21, 2014, or 181 days after he was terminated, the hospital argued Kreiss' action was time-barred. *See id.* at 54-55. Kreiss' attorney began his responsive argument with the following summary:

> Your Honor, addressing the statute of limitations issue, [opposing counsel] is correct that the Whistleblower Act does contain [a] 180-day statute of limitations. Plaintiff's Exhibit 8 [Kreiss termination letter] clearly demonstrates that Mr. Kreiss was informed of the termination of his employment, termination effective April 24th. That is 180 days from the time that the writ of summons was filed. Therefore, the 180[-day] statute of limitations is satisfied.

*Id.* at 59. In fact, at no time during the discussion at trial did Kreiss assert the 180-day limitations period in the Whistleblower Law was not incorporated into Section 13.308 of the MCARE Act. *See id.* at 59-65. At the conclusion of argument, the court indicated it would take the issue under consideration, and directed Kreiss' attorney to file a brief on that claim. *See id*. at 64-65. Kreiss filed a memorandum of law in opposition to Paoli Hospital's motion for compulsory nonsuit, but again did not assert the limitations period in the Whistleblower Law was not incorporated into MCARE. *See generally*

- 9 -

Memorandum of Law in Opposition to Motion for Compulsory Nonsuit Based on Statute of Limitations, 1/12/2018. In fact, Kreiss raised this argument for the first time in his post-trial motion. *See* Plaintiff's Motion for Post-Trial Relief, 2/9/2018, at 4-9. Accordingly, it is waived on appeal.

Nonetheless, the trial court also found the 180-day limitation in the Whistleblower Law was incorporated into the retaliatory termination protection section of the MCARE Act. *See* Trial Court Opinion, 6/28/2018, at 3-6. The court opined:

> Although [Kreiss] argues that the section of the Whistleblower Law at issue, 43 P.S. § 1424(a), is neither a "protection" nor a "remedy" and is therefore not incorporated into the MCARE Act, the legislature placed 43 P.S. § 1424(a) within the section of the Whistleblower Law titled "Remedies". While titles in legislation do not control, in this instance[,] the title is accurate. The remedy provided to a whistleblower is the right to [] "bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation."[3] Absent the incorporation of § 1424(a) of the Whistleblower Law, no right to a civil action would exist for a whistleblower under the MCARE Act. The time limitation included in § 1424(a) is a special statutory limitation qualifying a newly created substantive right within the MCARE Act, *i.e.*, the right to bring an action to redress a retaliatory job action. The legislature provided no right to bring a civil action independent of the limitation. [Kreiss], having failed to bring suit within 180-days of his injury, has no remedy.
>
> ─────────
>
> [3] [Kreiss] relied in part on the definition of "remedy" in the Oxford Living Dictionaries, oxforddictionaries.com, to assert that § 1424(a) does not provide a remedy. However, that definition, "a means of legal reparation", is clearly encompassed by the right to bring a civil action.

- 10 -

*Id.* at 6.[4]   We agree with the trial court's interpretation of both Section 1303.308 of the MCARE Act and Section 1424 of the Whistleblower Law. Therefore, assuming *arguendo* Kreiss did not waive this argument, we would still conclude it is meritless.

Next, Kreiss asserts that even if the 180-day limitation applies, as we concluded it does, his action was timely filed on the 180th day following the termination of his employment, which he maintains occurred on April 24, 2014.[5]   He states he "was told on April 23 that his discharge would 'occur' or

---

[4] A federal court came to the same conclusion in ***Gillispie v. Regionalcare Hosp. Partners, Inc.***, 2015 WL 1839149 (W.D. Pa. 2015).   While we recognize "decisions from federal district courts are not binding on this Court, we may rely on them for persuasive authority." ***AmQuip Crane Rental, LLC v. Crane & Rig Servs., LLC***, 199 A.3d 904, 918 n.4 (Pa. Super. 2018).   In ***Gillispie***, the district court concluded the 180-day limitations period in Section 1424(a) applied to a retaliatory discharge claim under Section 1303.308 of the MCARE Act.   The ***Gillispie*** Court opined:

> It is [] clear that the Pennsylvania Legislature's expansion of the scope of the Whistleblower Law in Chapter 3 [of the MCARE Act] provides a remedy for reporting health care workers but does not alter the requirements that a whistleblower claim be brought within the 180–day statutory limitations period.   This interpretation gives meaning to the Whistleblower Law's specific inclusion of a 180–day statute of limitation for retaliation claims, and avoids the undue judicial expansion of remedies expressly provided through MCARE's incorporation of the Whistleblower Law.

***Gillispie***, ***supra***, 2015 WL 1839149 at *5.

[5] We note the action was initiated by writ of summons filed on October 21, 2014, 180 days after April 24, 2014.

'come to pass' on April 24, 2014[,]" and that Paoli Hospital admitted "the discharge did not actually occur or come to pass as threatened until April 24[.]" Kreiss' Brief at 62. Kreiss further insists Paoli Hospital admitted in both its answer to his complaint and an interrogatory that he was discharged from his employment on April 24th, and that this discharge constituted the occurrence of a violation under the language in the Whistleblower Act.[6] **See** Kreiss' Brief at 55-64. The trial court, however, determined the limitations period began to run on April 23, 2014, the day Kreiss learned of his discharge from Paoli Hospital. We agree.

Preliminarily, we note Kreiss mischaracterizes the trial testimony in his appellate brief. Our review of the transcript reveals Kreiss admitted he was fired on the afternoon of **April 23, 2014**. Kreiss explained that Hughes called him on April 22nd, and told him not to report to work the next day. Instead, Hughes instructed Kreiss to meet with him and Heilman at 9:00 a.m. on April 23rd to discuss the incident with Warnecke. **See** N.T., 12/11/2017, at 119-120. Kriess stated that when he reported to the hospital on April 23rd, his access badge did not work. **See id.** at 120-121. After meeting with Hughes and Heilman, Kreiss stated he was told they were going to continue the investigation of the incident, and would call him around 4:00 p.m. to tell him "what they came up with." **Id.** at 123. Kreiss testified he called Hughes while driving home from the meeting to further explain his side of the story, and, at

_____

[6] **See** 43 P.S. § 1424 (stating an aggrieved employee may bring an action "within 180 days after the occurrence of the alleged violation").

that time, Hughes gave him the option to resign. *See id.* at 124. Kreiss told Hughes he would think about it, but later came to the realization he would not resign. *See id.* at 124-125. Kreiss then testified to the following:

[Kreiss' counsel:]    Okay.  And then Mr. Hughes called you and told you that you were fired, right?

[Kreiss:]   Yes.

[Kreiss' counsel:]    That afternoon?

[Kreiss:]  That afternoon, 4:00, 4:30.

*Id.* at 125.  Furthermore, both Hughes and Heilman also testified definitively that Kreiss was terminated on April 23, 2014.  *See id.* at 27, 35; N.T., 12/12/2017, at 80.  Therefore, Kreiss' assertion that he was told on April 23rd he would be fired the next day, is a mischaracterization of the trial testimony.

Nevertheless, Kreiss argues Paoli Hospital is bound by judicial admissions in its pleadings that Kreiss was discharged from his employment on April 24, 2014.  Specifically, in paragraphs 5 and 35 of his first amended complaint, Kreiss averred he was fired on April 24th, and Paoli Hospital admitted those allegations.  *See* Defendants' Answer to First Amended Complaint, 1/26/2016, at ¶¶ 5, 35.  Moreover, in its answer to paragraph 25 of the complaint, Paoli Hospital denied Kreiss' allegation that he was fired for reporting the cath lab incident, and averred that while that incident occurred on April 10, 2014, "Mr. Kreiss was not terminated until April 24, 2014." *Id.* at ¶ 25.  Moreover, Kreiss points out that Paoli Hospital again acknowledged that he was terminated on April 24th in its response to Kreiss' first set of interrogatories.  *See* Memorandum of Law in Opposition to Motion for

Compulsory Nonsuit based on Statute of Limitations, 1/12/2018, Exhbit D, Defendants' Reponses to Plaintiff's First Set of Interrogatories, at #11. Based on these admissions, Kreiss insists it is "a conclusive, undisputed fact in this case" that he was discharged on April 24, 2014, and that this discharge was the "retaliatory action" prohibited by MCARE, which triggered the running of the 180-day limitations period. Kreiss' Brief at 64.

The trial court found, however, Kreiss' argument "conflates the issue of [his] effective date of termination with the day the limitation on the action began to run." Trial Court Opinion, 6/28/2018, at 8. We agree. The MCARE Act protects a healthcare worker from "any retaliatory action" for reporting the occurrence of a serious event or incident, and affords the worker the protections and remedies of the Whistleblower Law. 40 P.S. § 1303.308(c). The Whistleblower Law requires an aggrieved employee to bring a civil action within 180 days after "**the occurrence of the alleged violation**." 43 Pa.C.S. § 1424(a) (emphasis supplied). This "alleged violation" is not necessarily the effective date of the employee's termination. *See* 43 Pa.C.S. § 1423(a) ("No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment …").

In the present case, Kreiss conceded an adverse employment action was taken against him on the afternoon of April 23, 2014, when Hughes fired him. *See* N.T., 12/11/2017, at 125. Accordingly, although Paoli Hospital admitted in its pleadings that Kreiss was terminated on April 24, 2014, none of its

admissions, or Kreiss' allegations, specifically focused on the date Paoli Hospital took a "retaliatory action" against Kreiss. 40 P.S. § 1303.308(c). Therefore, we decline to find Paoli Hospital's limitations defense fails based on admissions in its pleadings.

Kreiss also contends Paoli Hospital waived or abandoned its statute of limitations defense. *See* Kreiss' Brief at 65-72. He argues the defense is waived because Paoli Hospital's answer was untimely filed, and, in any event, the statute of limitations allegation in its new matter was legally insufficient because it was "unsupported by any factual averments." *Id.* at 66. Furthermore, Kreiss maintains Paoli Hospital abandoned the defense when it "waited until the last day of trial to spring it on" Kreiss and the trial court. *Id.* at 70.

Preliminarily, we agree Paoli Hospital's answer and new matter was not timely filed in accordance with the trial court's December 14, 2015, order. In that order, the court denied Paoli Hospital's preliminary objections to Kreiss' complaint and directed Paoli Hospital to file an answer and new matter within 20 days. *See* Order, 12/14/2015. The answer and new matter were not filed until January 26, 2016 (43 days after entry of the order). Moreover, we also agree Paoli Hospital failed to include any factual representations in its paragraph raising the statute of limitations defense. *See* Defendants' Answer to First Amended Complaint, 1/26/2016, New Matter at ¶ 6 ("Mr. Kreiss' claims are barred in whole or part by the applicable statute of limitations."). Furthermore, after stating the defense in its new matter, Paoli Hospital did not

raise it again until the conclusion of Kreiss' case-in-chief. However, none of these facts provide Kreiss with a basis for relief.

First, Kreiss did not object to Paoli Hospital's late filing of its answer and new matter. Had he done so, the trial court could have exercised its discretion to permit or strike the untimely pleading. **See Peters Creek Sanitary Authority v. Welch**, 681 A.2d 167 (Pa. 1996). Accordingly, his claim now is waived. Similarly, Kreiss failed to challenge the purported "insufficient specificity" of Paoli Hospital's statute of limitations averment *via* preliminary objections. **See** Pa.R.C.P. 1028(a)(3). Therefore, that claim too is waived on appeal. Lastly, Kreiss provides this Court with no authority mandating that a properly preserved statute of limitations defense must be argued before the completion of a plaintiff's case-in-chief in order to avoid abandonment of the claim on appeal. **See** Kreiss' Brief at 70-72. While this Court has explained, "[t]he statute of limitations is a procedural bar to recovery which may be waived by explicit consent or by conduct[,]" we find no such circumstances in the present case. **Cobbs v. Allied Chem. Corp.**, 661 A.2d 1375, 1378 (Pa. Super. 1995) (finding statute of limitations defense raised in new matter not waived when additional defendant stipulated to liability in reverse-bifurcated asbestos case), *appeal denied*, 672 A.2d 303 (Pa. 1996).

In his next argument, Kreiss contends his claim was not time-barred because he appealed his termination to the President of Paoli Hospital in May of 2014 and January of 2015 "as part of [Paoli Hospital's] discharge appeal process[.]" Kreiss' Brief at 72. Therefore, Kreiss maintains Paoli Hospital's

"refusals to reinstate" him were either "discrete acts" of retaliation or part of its "continuing practice of retaliating against [him] that began on April 24, 2014, and continued through January of 2015." *Id.* at 73.

The trial court succinctly addressed this issue as follows:

> Paoli Hospital's appeal process is an optional process, which a discharged employee may employ to obtain review of a discharge decision that has already been made. The existence of a procedure to assure fairness in the discharge decision should not obscure the principle that limitations periods normally commence when a decision is made and communicated. ***Delaware State Coll. v. Ricks***, 449 U.S. 250[] (1980). Permitting the statute of limitations to be continually reset by an internal appeals process would act as a deterrent to review. [Kreiss'] claim is anchored to Paoli Hospital's decision to terminate his employment. That decision was communicated to [Kreiss] on April 23, 2014.

Trial Court Opinion, 6/28/2018, at 14.

We find no basis to disagree with the trial court's ruling. Both parties agree Kreiss was fired from Paoli Hospital in April of 2014. Kreiss did not allege in his complaint that Paoli Hospital's refusal to overturn its original decision constituted a continuing retaliatory action. Accordingly, the fact that Kreiss appealed his firing through a voluntary, internal appeal process is of no moment.

In his penultimate argument, assuming we agree with the trial court's ruling that his claim is time-barred, Kreiss implores this Court to apply the ruling prospectively only. ***See*** Kreiss' Brief at 74-76. He insists he "maintained a good faith belief" that (1) the 180-day limitations period in the Whistleblower Law did not apply to the MCARE Act, (2) his retaliatory

- 17 -

discharge claim "accrued" on April 24, 2014, the date Paoli Hospital admitted he was discharged, and (3) Paoli Hospital was not pursing its statute of limitations defense based on their course of conduct during the litigation. *Id.* at 74. Paoli Hospital, however, contends Kreiss did not raise this argument before the trial court. *See* Paoli Hospital's Brief at 18. We agree. The first time Kreiss argued for the prospective application of the law was in his post-trial motion. For that reason, this argument is waived. *See* Pa.R.C.P. 227.1(b)(1); *Rancosky*, *supra*.[7]

Lastly, Kreiss insists the trial court abused its discretion when it failed to grant his timely filed post-trial motion as uncontested. *See* Kreiss' Brief at 77-79. He argues that pursuant to Rule 208.3(b) of both the Pennsylvania and Chester County Rules of Civil Procedure, Paoli Hospital was required to file an opposition to his post-trial motion within 20 days, that is, by March 1,

---

[7] We note, nevertheless, the trial court addressed this issue in its opinion, concluding it was "apparent that even [Kreiss] understood when he filed this case that he needed to meet a 180-day filing deadline." Trial Court Opinion, 6/28/2018, at 14. Accordingly, although the outcome was harsh, the court found its decision was justified under the law. *See id.* at 14-15. We agree. It is well-settled that this Court has the discretion to limit a "new rule of law" to prospective application. *Passarello v. Grumbine*, 29 A.3d 1158, 1164 (Pa. Super. 2011), *aff'd*, 87 A.3d 285 (Pa. 2014). However, "[a] new rule of law is established where an abrupt and fundamental shift from prior precedent, upon which litigants may have relied, has occurred." *Id.* at 1164 n.2 (quotation omitted). The ruling in the present case does not represent an "abrupt and fundamental shift from prior precedent." *Id.* Accordingly, even if this claim were not waived, Kreiss would still be entitled to no relief.

2018.[8] However, Paoli Hospital did not file a response until April 2, 2018, or 32 days late. It offered no reason for its late filing. Accordingly, Kreiss asserts his motion should have been granted as uncontested.

As the trial court explained in its opinion, post-trial practice is governed by Pennsylvania Rule of Civil Procedure 227.1 and Chester County Rule of Civil Procedure 227.2. **See** Trial Court Opinion, 6/28/2018, at 15. Neither rule requires the non-moving party to file a response to a post-trial motion. Accordingly, the court determined, and we agree, "Paoli Hospital was not required to the answer [Kreiss'] post-trial motion to preserve its opposition." *Id.*

Therefore, because we find no basis to overturn the trial court's determination that Kreiss' claim is time-barred, we affirm the judgment entered in favor of Paoli Hospital.

Judgment affirmed.

Judge Stabile joins in this memorandum.

Judge McLaughlin concurs in the result.

---

[8] Kreiss filed his Motion to Post-Trial Relief on February 9, 2018.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/29/19</u>