J-A19018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| US BANK NAT'L ASSOC, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE CIM TRUST 2018-R6, SERIES 2018-R6 C/O NATIONSTAR MORTGAGE LLC DBA MR. COOPER 8950 CYPRESS WATERS BLVD. COPPELL,TX 75019 | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 40 MDA 2024 |
| v. | : : : | |
| MARVIN L. HUNTER III A/K/A MARVIN HUNTER AND TRACY L. HUNTER A/K/A TRACY HUNTER | : : : : | |
| Appellants | : | |

Appeal from the Order Entered December 8, 2023
In the Court of Common Pleas of Mifflin County Civil Division at No(s):
2019-00771

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                **FILED: DECEMBER 23, 2024**

Marvin L. Hunter III a/k/a Marvin Hunter and Tracy L. Hunter a/k/a Tracy Hunter (collectively, "Borrowers") appeal from the order granting the motion for summary judgment filed by US Bank Nat'l Assoc ("US Bank")[1] in this mortgage foreclosure action.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] As reflected in the caption, US Bank commenced this action "not in its individual capacity but solely as trustee for the CIM Trust 2018-R6, Series 2018-R6 c/o Nationstar Mortgage LLC DBA Mr. Cooper 8950 Cypress Waters Blvd. Coppell, Texas 75019."

In April 2005, Borrowers jointly executed a loan document wherein they agreed to borrow up to $107,345 from American General Consumer Discount Company as set forth in a Home Equity Line of Credit Agreement ("Note"). As security for repayment of the Note, Borrowers executed and delivered a mortgage ("the Mortgage") on property located at 230 Stone Mountain Road, Belleville, Pennsylvania ("the property"). American General Discount Company duly recorded the Mortgage. In April 2019, after a series of assignments, US Bank acquired and duly recorded the Mortgage.

The terms of the Mortgage required Borrowers to make a monthly payment on the Mortgage by the first of each month. Borrowers failed to make their monthly payment due on October 1, 2018, and each monthly payment due thereafter. Accordingly, in compliance with Act 91,[2] US Bank issued a notice of mortgage default to Borrowers on December 10, 2018, advising them that to cure the default, they were required to pay the amount of $3,999.24 on or before January 14, 2019. Borrowers failed to cure the default.

---

[2] Act 91, otherwise known as the "Homeowners Emergency Mortgage Assistance Program" requires any mortgagee who desires to foreclose upon a mortgage to send the mortgagor at his or her last known address a notice informing them that they may qualify for financial assistance under the Homeowner's Emergency Mortgage Assistance Program. *See* 35 P.S. § 1680.403c(b)(1). This notice must also advise the mortgagor of his default status, including an itemized breakdown of the total amount past due, and that such mortgagor has thirty days, plus three days for mailing, to have a face-to-face meeting with a consumer credit counseling agency to attempt to resolve the default. *See id*.

On June 19, 2019, US Bank filed a complaint in mortgage foreclosure against Borrowers, alleging that Borrowers were in default of the Mortgage, itemizing the principal balance due ($91,452.60) and related costs, fees, and interest accruing on the Mortgage (for a total amount due of $100,154.62), and seeking a judgment in mortgage foreclosure on the property. Borrowers did not file any preliminary objections to the complaint. In their *pro se* answer to the complaint, Borrowers admitted that they executed the Mortgage and that they failed to make any payments on the Mortgage on or after October 1, 2018. However, Borrowers denied that they owed the entire principal balance of the Mortgage. They additionally disputed the total amount owed as a result of the default, arguing that US Bank constantly changed the total amount owed, refused to provide a breakdown of the amount due upon request, and failed to give credit to Borrowers for payments made in accordance with loan modification agreements. Notably, Borrowers did not plead any new matter, nor did they attach any documents to their answer or provide any support for their averments.

In November 2019, US Bank filed a motion for summary judgment wherein it argued that Borrowers' *pro se* answer did not raise any issue of material fact. In support of the motion, US Bank attached copies of the complaint, Borrowers' *pro se* answer, the Note, the Mortgage, the Mortgage assignments, calculations of the current loan amount ($101,911.99) due to accruing daily interest, and the Act 91 notice it sent to Borrowers. Borrowers filed a *pro se* response in opposition to the motion, indicating that

they had requested a loan modification agreement after missing their payments, and that Nationstar refused to provide a copy of the denial letter. However, Borrowers indicated that they had received an itemized statement of the accumulated amounts due as a result of the default. Following oral argument, the trial court denied the summary judgment motion, finding that a genuine issue of fact remained as to whether Borrowers made any payments pursuant to a loan modification agreement.

US Bank then served discovery requests on Borrowers consisting of interrogatories, requests for admissions, and requests for production of documents. Borrowers failed to respond to the discovery requests. US Bank filed a motion to compel. The trial court entered an order deeming as admitted the requests for admissions and directing Borrowers to file responses to the interrogatories and requests for production of documents. Borrowers thereafter served requests for the production of documents on US Bank.

In March 2023, US Bank filed another motion for summary judgment, once more alleging that Borrowers' *pro se* answer did not raise a genuine issue of material fact. In support of its motion, US Bank attached copies of the complaint, Borrowers' *pro se* answer, the Note, the Mortgage, the Mortgage assignments, the Act 91 notice it sent to Borrowers, and US Bank's calculations of the current amount due ($151,893.13) due to daily accruing interest on the principal balance, insurance costs, tax payments, other costs,

and attorneys' fees. Additionally, US Bank attached an affidavit signed by an employee of Nationstar, authenticating the documents.

In April 2023, Borrowers filed a *pro se* response to the motion wherein they admitted that they were in default of the Mortgage since October 1, 2018. However, Borrowers argued that material issues of fact still existed since US Bank: (1) violated Borrowers' rights by denying their contractual right to cure the default; and (2) failed to respond to requests for the production of documents detailing Borrowers' payment history and the amount necessary to cure the default. Borrowers did not attach any documentation to their response to support these statements. Borrowers then retained counsel who filed a brief in opposition to the motion for summary judgment. The trial court scheduled oral argument on the motion. On December 8, 2023, the trial court entered an order granting summary judgment in favor of US Bank in the amount of $151,893.13, and authorizing the sale of the property.

On December 22, 2023, Borrowers filed an untimely motion for reconsideration. The trial court scheduled a hearing on the motion but did not expressly grant reconsideration. On January 8, 2024, Borrowers filed a timely notice of appeal. The trial court ordered Borrowers to file a concise

statement in compliance with Pa.R.A.P. 1925(b), and Borrowers timely complied.[3]

Borrowers present the following issues for our review:

1. Whether, under relevant law, the trial court erred and/or abused its discretion in granting summary judgment when genuine issues of material facts exist.

2. Whether, under relevant law, the trial court erred and/or abused its discretion in granting summary judgment when the basis for entering summary judgment was a testimonial affidavit from an associate of the moving party's loan servicing company.

3. Whether, under relevant law, the trial court erred and/or abused its discretion in granting summary judgment without filing of record an opinion setting forth the reasons for granting summary judgment or specifying in writing the place in the record where such reasons may be found.

4. Whether, under relevant law, the trial court erred and/or abused its discretion in granting summary judgment when the complaint upon which the motion for summary judgment relies is not properly verified.

Borrowers' Brief at 2-3 (unnecessary capitalization omitted).

_____

[3] The trial court judge who entered the December 8, 2023 summary judgment order did so without authoring any opinion or providing any explanation for his decision, and has since retired. *See* Statement of Compliance with Pa.R.A.P. 1925, 2/23/24, at unnumbered 1. Consequently, in lieu of authoring a Rule 1925(a) opinion, the successor trial court judge assigned to this matter authored a brief statement in which it referred this Court to the certified record. *See id*.

As each of Borrowers' issues relate to the trial court's grant of summary judgment, we begin with our well-settled standard of review for appeals from such orders:

> We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.

*Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014) (internal quotations and citations omitted). "In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." *Id*.; *see also* Pa.R.C.P. 1035.3(a). Accordingly, the "failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1262 (Pa. Super. 2013) (citation omitted); *see also* Pa.R.C.P. 1035.2(2). Thus, it is this Court's responsibility "to determine whether the record either established that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder." *See Gerber v. Piergrossi*, 142 A.3d 854, 858 (Pa. Super. 2016) (citation omitted).

As it relates to mortgage foreclosure, "[t]he holder of a mortgage has the right, upon default, to bring a foreclosure action." ***Gibson***, 102 A.3d at 464-65 (citation omitted). Moreover, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Id***. Notably, "[i]n mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing on the mortgage ***must*** be considered an admission of those facts." ***Id***. at 467 (original quotations and brackets omitted, emphasis added). This is due to the fact that, apart from the mortgagee, the mortgagor is the only party who would have sufficient knowledge on which to base a specific denial and thus clearly know whether the allegations in a complaint are true. ***See First Wisconsin Trust Co. v. Strausser***, 653 A.2d 688, 692 (Pa. Super. 1995).

Finally, "[a] party may serve upon another party a written request for the admission . . . of the truth of any matters . . . that relate to statements or opinions of fact or of the application of law to fact[.]" Pa.R.C.P. 4014(a). Each matter of admission is automatically admitted "unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or the party's attorney." Pa.R.C.P. 4014(b).

"Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Pa.R.C.P. 4014(d).

In their first issue, Borrowers contend that the trial court erred in granting US Bank's motion for summary judgment because genuine issues of material fact exist. Specifically, Borrowers argue that a dispute remains as it relates to their total obligation under the mortgage, partially due to US Bank's failure to incorporate prior payments made in compliance with loan modification agreements. Borrowers further claim that although they had funds available to cure the default, US Bank refused to accept payment and otherwise prevented Borrowers from reinstating the Mortgage. Lastly, Borrowers contend that the face of the mortgage agreement itself is ambiguous and contradictory such that their total obligation is in genuine dispute. Accordingly, Borrowers argue the trial court should not have granted summary judgment in favor of US Bank.

After careful review of the record and viewing the evidence in the light most favorable to Borrowers as the non-moving party, we discern neither legal error nor abuse of discretion by the trial court in granting summary judgment in favor of US Bank. Here, Borrowers admitted in their *pro se* answer to the complaint that, in relation to the Mortgage, "payments were not made since October 2018." *Pro Se* Answer to Complaint, 7/23/19, at unnumbered 2. While Borrowers purported to dispute that the principal balance was due, along with associated interest and fees, they did so only

generally without providing any basis for their position. **See id**. Thus, their general denials must be considered as admissions of those facts. **See Gibson**, 102 A.3d at 467.

Moreover, because Borrowers failed to respond to US Bank's requests for admissions, each of those requests were deemed admitted by Borrowers. **See** Order, 11/29/21; **see also** Pa.R.C.P. 4014(b), (d). Pertinently, Borrowers were deemed to have admitted that: the Mortgage is in default; they failed to make required monthly payments on the Mortgage since October 1, 2018; and they owed a principal balance of $91,452.60 plus interest and other related fees on the Mortgage. **See** Plaintiff's Requests for Admissions to Defendants, 3/25/20, at unnumbered 2-4.

Finally, Borrowers failed to provide any evidence in opposition to US Bank's motion for summary judgment, such as proof that they entered a loan modification agreement, or that any payment was made on the Mortgage on or after October 1, 2018. As explained above, in response to a motion for summary judgment, a party may not rest upon the allegations or denials asserted in pleadings. **See** Pa.R.C.P. 1035.3(a); **see also Gibson**, 102 A.3d at 464. Instead, the non-moving party **must** adduce sufficient evidence in support of their denials so as to establish the existence of a question of material fact—which, we reiterate, Borrowers did not do. **See Murray**, 63 A.3d at 1262. Consequently, because we determine that Borrowers admitted: (1) they were in default of the Mortgage; (2) they did not make any payments on or after October 1, 2018; and (3) they owed US

Bank the principal balance of $91,452.60 plus interest and other related costs and fees, we conclude the trial court's grant of summary judgment in favor of US Bank was without legal error or abuse of discretion. **See Gibson**, 102 A.3d at 464-65. Thus, Borrowers' first issue merits no relief.[4]

In their second issue, Borrowers argue that the trial court violated **Borough of Nanty-Glo v. Am. Surety Co. of New York**, 163 A. 523 (Pa. 1932), by relying exclusively on a testimonial affidavit from an associate of US Bank's loan servicing company when granting summary judgment in favor of US Bank. As our Court has previously explained:

> The **Nanty-Glo** rule prohibits summary judgment where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact except where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness.

**Linberger v. Wyeth**, 894 A.2d 141, 149 (Pa. Super. 2006) (citation, emphasis, and quotation marks omitted). Notably, however, **Nanty-Glo** is not implicated when an affidavit is supported by documentary evidence. **See Telwell Inc. v. Grandbridge Real Estate Capital, LLC**, 143 A.3d 421, 427-28 (Pa. Super. 2016).

---

[4] Although Borrowers additionally argued that the Mortgage itself is ambiguous and contradictory, such that a genuine issue of material fact exists as to the amount owed on the Mortgage, this argument is moot given our determination that Borrowers were deemed to have admitted that US Bank's calculated debt figures were correct.

In the instant case, US Bank submitted an affidavit by a representative of its loan servicing agent, Nationstar, wherein the representative attested to the validity and truthfulness of each of the documents US Bank attached to its second motion for summary judgment. Relevantly, these attachments included a copy of the Note, the Mortgage, the Mortgage assignments, calculations of the total amount owed as a result of the default, and the Act 91 notice. Accordingly, because US Bank included documentary evidence in support of the affidavit, **Nanty-Glo** does not apply. **See id**. Moreover, to the extent that the trial court considered Borrowers' deemed admissions to US Bank's requests for admissions in making its summary judgment ruling, **Nanty-Glo** was not implicated. **See Linberger**, 894 A.2d at 149. Thus, we conclude Borrowers' second issue is without merit.

In their third issue, Borrowers argue that the trial court violated Rule 1925(a) by failing to file of record an opinion explaining the reasons for the order granting summary judgment, or by specifying in writing the place in the record where such reasons could be found. The relevant portion of Rule 1925(a) provides as follows:

> (1) *General rule*. Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in [Rule] 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

> If the case appealed involves a ruling issued by a judge who was not the judge entering the order giving rise to the notice of appeal, the judge entering the order giving rise to the notice of appeal may request that the judge who made the earlier ruling provide an opinion to be filed in accordance with the standards above to explain the reasons for that ruling.

Pa.R.A.P. 1925(a)(1). Where the original trial court judge has retired or is otherwise unavailable to provide an opinion in accordance with Rule 1925(1), however, our Supreme Court has instructed as follows:

> Where a Rule 1925(a) opinion is deemed inadequate and the trial judge is unavailable to provide a supplemental opinion, the appellate court should review the legal issues raised in the appellant's Rule 1925(b) statement of errors complained of on appeal. As the Superior Court has noted, when deciding issues of law an appellate court is not required to defer to the conclusions of a trial court. This is consistent with the fact that for questions of law, an appellate court's standard of review is *de novo* and its scope of review is plenary. Applying this standard and scope, the Superior Court will be able to review the entire record and ultimately determine whether the trial court correctly decided the legal issues raised [on] appeal.

*Dolan v. Hurd Millwork Co., Inc.*, 195 A.3d 169, 176 (Pa. 2018).

In the instant case, Honorable David W. Barron entered the order granting summary judgment in favor of US Bank without authoring an opinion or otherwise explaining the basis for his ruling. His successor, Honorable Johnathan Reed, concluded that because Judge Barron had retired and could not be reached to provide an opinion, Judge Reed lacked an adequate basis to address Borrowers' issues on appeal. Thus, Judge Reed referred this Court to the record on appeal to evaluate Borrowers' issues. Because such deference is clearly within the scope of our Supreme Court's

- 13 -

guidance in **Dolan**, and in light of our plenary standard of review in summary judgment rulings, we conclude that Borrowers' third issue is without merit.

In their final issue, Borrowers argue that the trial court erred by granting summary judgment in favor of US Bank since US Bank's initial mortgage foreclosure complaint lacked proper verification. Prior to addressing the merits of this issue, however, we must first determine whether we have jurisdiction to review it. Pursuant to our Rules of Civil Procedure, "[a] party waives all defenses and objections which are not presented either by preliminary objection, answer, or reply . . ." Pa.R.C.P. 1032(a). Notably, a party's challenge to the verification of a complaint in mortgage foreclosure must be made in a preliminary objection, answer, or reply; otherwise, it is waived. **See Bank of New York Mellon v. Bach**, 159 A.3d 16, 20-22 (Pa. Super. 2017) (holding that appellant waived their challenge regarding the form of the complaint in mortgage foreclosure because appellant failed to raise it in either their preliminary objections or in their answer).

Here, the record shows that Borrowers did not object to the verification of US Bank's complaint in their *pro se* answer, nor did they file any preliminary objections in which they could properly plead such a claim. Consequently, because Borrowers instead raised this issue for the first time in opposition to US Bank's motion for summary judgment, we necessarily conclude it is waived. **See id**.

As each of Borrowers' issues is without merit or waived, we affirm the trial court's summary judgment order in favor of US Bank.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/23/2024